No. 13,092.

BLACK, ADMINISTRATOR *v.* PLUMB.

(29 P. [2d] 708)

Decided February 13, 1934.

Mr. CHARLES S. THOMAS, Mr. GEORGE K. THOMAS, for plaintiff in error.

Messrs. SWERER & JOHNSON, for defendant in error.

*In Department.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS case presents an unusual state of facts. As counsel for the defendant in error Plumb in their briefs say that the statement of the case as set forth by counsel for the plaintiff in error Black, is substantially correct, we reproduce it as a sufficient outline of the facts to which the pertinent principles of law are to be applied.

In April, 1931, plaintiff below, defendant in error here, Francis M. Plumb, obtained a judgment against the Specification Motoroil System of Denver, a corporation, for about $600. Thereafter he served Charles A. Black, the original plaintiff in error, with a garnishment summons, to which Black answered denying indebtedness to the judgment debtor and further stating that the property of the motoroil system under his control consisted merely of a corporation minute book and other documents of no value. The defendant in error Plumb, plaintiff below, thereupon traversed the garnishee's answer by an affidavit in which he alleged, upon information and belief, that the garnishee Black sold the use of certain property of the judgment debtor, defendant herein, consisting of a list of stockholders belonging to the defendant, the motoroil system, for a one-fourth interest in Western Specification Oil Company, incorporated, and that the consideration thus received was in truth and fact the property of the plaintiff Plumb, which the said Black wrongfully converted to his own use. After the trial court denied the garnishee's motion to strike the affidavit, the case was tried to a jury which returned a verdict in favor of Plumb and against the garnishee Black, defendant below and plaintiff in error here, upon which judgment was entered. The garnishee Charles A. Black died pending appeal and the administrator of his estate, Wal-

ter I. Black, has been substituted herein as plaintiff in error.

For convenience in this opinion we refer to the plaintiff in error Black as garnishee and the defendant in error as the judgment creditor. At the trial the salient and important facts adduced are to the effect that the judgment debtor oil company was a co-operative venture, the corporation having certain stock described as ''Class B'' which was sold to individuals in single units for $1.00 a share and which entitled the holders to certain discounts on supplies and services to be purchased or rendered by the company organized to operate an automobile filling and service station or stations. The garnishee Black was one of the promoters, an officer and a director of this corporation. The company was organized in 1930 and failed in February, 1931. Its sole activity during its brief period of existence was an attempt to finance itself and sell its membership stock of which there were about 3,000 shares outstanding on the date of its collapse. Its so-called decease left the garnishee Black and one Sam Price alone in the venture without means of fulfilling the promises to its members. Price, who was a witness for the plaintiff below, testifies that he was sales manager for the corporation and that he kept a ledger in which he entered the names and addresses of purchasers of stock which he turned over to Black, garnishee, in January or February of 1931, with the idea or hope that he could open up a new company. This list consisted of Price's ledger or record of customers to whom he had sold stock. In May, 1931, Price entered into an agreement with two strangers, Charles Wood and W. F. Meagher, to incorporate Meagher's filling station, a going concern, as a co-operative enterprise. Price was to turn over his list of customers and Wood was to put up $2,000 in cash. Meagher was to turn over his equipment and leasehold for which Meagher should receive a one-half interest and Price and Wood a one-fourth interest each in the new

venture. Any further description of this agreement is unnecessary since Meagher, called as a witness for plaintiff, testified that the agreement never was carried out and that the one-fourth interest was given to Black, garnishee herein, for his knowledge of the business. Black, garnishee, admitted that, in the promotion of the new company, Price was acting for him and that he received as his share a one-fourth interest in the new venture consisting of 500 shares of stock in the western company and that it was issued to him for his part of the work in building up the co-operative system on which he had spent a year's time at his own expense. In the view we take of the case it may be that the latter part of this statement as to Meagher's conduct, is not important or pertinent, but as learned counsel for the respective parties have practically agreed upon the same as a part of the statement of the facts of the case, we have thus reproduced it.

One of the assignments of error by plaintiff in error Black is that the verdict is against the evidence. The other assignments of error are all based upon the following legal propositions: (1) That an unliquidated claim for damages or an account sounding in tort in favor of the judgment debtor against a third party cannot properly be tried or reached through garnishment proceedings; (2) that a garnishee by operation of garnishment proceedings cannot be placed in a worse position than if the defendant's claim were enforced against him directly. The first objection argued by learned counsel for plaintiff in error is that the verdict is manifestly against the evidence. In view, however, of the conclusion which we have reached in this case, and which will presently be outlined, it is unnecessary to pass upon this assignment of error. The second and principal assignment of error, the resolution of which by us requires a reversal of the judgment, is that unliquidated claims and actions in tort cannot be reached by a judgment creditor through garnishment.

■ It is apparent, we think, from the foregoing statement of facts that the wrong, if any, which was committed by the defendant Black was not the violation or breach of a contract but was purely and simply the commission of a tort. The issue raised by plaintiff's traverse is one based entirely on tort and the instructions given to the jury are based upon the theory of a tortious conversion on the part of plaintiff in error, and the trial court instead of permitting the case to go to trial should, in the first instance, have observed the law and discharged the garnishee. Unliquidated damages are barred since they do not fall within the scope of the statute as constituting a credit, debt or chose in action. The plaintiff seeks here to make the garnishee's property the property of the judgment debtor because he says that Black sold the use of something belonging to the judgment debtor in exchange for it. If that be true this claim is based on a conversion and any action arising therefrom is an action sounding in tort. We think the trial court misapprehended the nature of the action and in its various rulings and in its instructions to the jury indicated unmistakably that in the view of the court the action in question arose out of a breach of contract and that it was not an action sounding in tort.

■ In *Donald Co. v. Dubinsky,* 74 Colo. 128, 219 Pac. 209, this court in the opinion by Mr. Justice Denison, which case was for the recovery of damages for deceit, said the discharge of the garnishee was right because the action was in tort and the statute permits attachment only in aid upon contract. Applying the doctrine of the Dubinsky case, it appears clearly that the cause of action here was in tort and the trial court instead of submitting the questions to the jury upon an instruction as to the facts, should have dismissed the action when it appeared beyond question by the testimony of the plaintiff himself that the action sounded in tort.

■ In *State v. Elkins,* 84 Colo. 409, 270 Pac. 875, at

page 413, the opinion reads: "We must recognize certain fundamental principles of the law of garnishment. This law is statutory in its origin, and garnishment proceedings cannot be sustained if they go beyond the statute."

In *Troy Laundry Co. v. Denver,* 11 Colo. App. 368, 371, 53 Pac. 256, our Court of Appeals said: "Garnishment is a strictly statutory remedy, and it cannot be extended by construction to cases which are not within both its letter and spirit. It is true that the garnishment statutes of Colorado specifically require that they shall be liberally construed so as to promote their objects. * * * This applies, however, only to the enforcement of the remedy after jurisdiction has attached. It does not permit courts to enlarge or extend by implication the scope of the statutes, so as to bring within their jurisdiction any cases except those to which the statutes manifestly and clearly apply. As to this, the rule of strict construction prevails, the statutes being in derogation of the common law."

In 12 R. C. L. p. 797, §26, the author discusses the question of liability arising out of tort and says: "The controlling characteristic of the remedy by garnishment is, that the liability of the garnishee must originate in, and be dependent on, contract. * * * A right of action for a tort, is not, therefore, the subject of garnishment in most jurisdictions. A claim in tort, not reduced to judgment, is not a debt within the meaning of the statutes in reference to garnishment. * * * The rule is the same where as between the tortfeasor and the person to whom the wrong was done the latter might at his option either hold the tortfeasor to his liability in tort, or, waiving the tort, treat him as his debtor, since the creditor of the wronged person is not at liberty to exercise this option in his place, and so evade the general rule as to garnishment of claims in tort, substituting therefor a liquidated claim quasi ex contractu."

The traverse of defendant in error in this case on its face sets up an action in tort. The trial court itself was, as the record shows, in doubt as to the nature of the action. Notwithstanding which the instructions which the court gave to the jury, evidently drawn by the plaintiff Plumb, wrongfully assume that the action was merely for a breach of contract. That was a fundamental error. The trial was conducted upon an erroneous theory and the verdict and judgment were wrong. The fundamental error of the trial court, as we read this record, was not one respecting the findings of fact, but in its submission to the jury in a garnishment proceeding the issues of a tort action, which our statute and the decisions of our court declare may not be done.

The judgment is therefore reversed, and the cause is remanded with instructions that if further proceedings be had they be not inconsistent with the views expressed in this opinion.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HILLIARD concur.