COTY, APPELLANT, *v.* COGSWELL ET AL., RESPONDENTS.

(No. 7,395.)

(Submitted September 21, 1935.   Decided October 15, 1935.)

[50 Pac. (2d) 249.]

*Mr. C. A. Spaulding* and *Mr. J..R. Wine,* for Appellant, submitted an original, a reply and a supplemental brief; *Mr. Spaulding* argued the cause orally.

*Messrs. Gunn, Rasch, Hall & Gunn,* for Respondents, submitted an original and a reply brief; *Mr. Milton C. Gunn* argued the cause orally.

MR. JUSTICE STEWART delivered the opinion of the court.

This is an appeal from a judgment of the district court of Lewis and Clark county. The case involves the right of a judgment creditor to attach an unliquidated claim, or cause of action, for damages in tort.

On January 2, 1931, Maude Adams commenced an action in the above district court against W. F. Cogswell and the Standard Accident Insurance Company. She sought to recover damages in the amount of $25,000 for injuries alleged to have been suffered by her as a result of Cogswell's negligent operation of his automobile. Thereafter, on April 8, 1931, Mae M. Coty, plaintiff and appellant herein, commenced an action in the same court against Maude Adams. This action was predicated upon a promissory note alleged to have been executed by Adams in favor of plaintiff Coty. On filing the action, plaintiff procured the issuance of a writ of attachment against Adams. Pursuant to that writ, the sheriff proceeded to attach Adams' cause of action against Cogswell.

Notwithstanding this purported attachment of which he had full knowledge, Cogswell, subsequent thereto, compromised and settled the action against him by paying to Adams the sum of

$2,850, and the action was accordingly dismissed. Thereafter a judgment was rendered in the action of Coty against Adams, in favor of plaintiff. That judgment remains unsatisfied.

On this state of facts, plaintiff Coty instituted an action against Cogswell and his insurer, the Standard Accident Insurance Company, seeking to hold them liable for settling the Adams action after an attachment had been levied thereon. The defendants demurred separately to plaintiff's complaint; each of them interposed a general demurrer on the ground that the complaint failed to state facts sufficient to constitute a cause of action. The demurrers were sustained, and judgment was entered for the defendants. From that judgment, plaintiff appeals.

In their argument before this court, defendants assert and rely on several propositions, any one of which they claim constituted a sufficient ground and reason for sustaining the demurrers. Under the view we take of the case, it will be necessary for us to discuss only one of the propositions for which defendants contend, viz., "that a cause of action for personal injuries is not subject to levy under a writ of attachment."

In their briefs and argument on this question, counsel for both sides have devoted considerable time and space to the question of whether such a cause of action is assignable, or whether it survives the death of the person in whom it reposes. As we view the case, these matters have no relevancy to the real issue presented here. The only question to be determined is whether a cause of action for personal injuries is subject to attachment before judgment is rendered thereon.

Section 9267, Revised Codes of 1921, provides that "all persons having in their possession, or under their control, any credits or other personal property belonging to the defendant, or owing any debts to the defendant at the time of service upon them of a copy of the writ and notice, shall be, unless such property be delivered up or transferred, or such debts be paid to the sheriff, liable to the plaintiff for the amount of such credits,

property, or debts, until the attachment be discharged, or any judgment recovered by him be satisfied."

If a cause of action for personal injuries can be classified as a "credit" or "personal property" or a "debt" within the meaning of the above section, then defendants are liable to plaintiff, provided the levy of attachment was regularly made.

Plaintiff, in support of her contention that such a cause of action is subject to attachment, relies heavily on the case of *State ex rel. Coffey* v. *District Court*, 74 Mont. 355, 240 Pac. 667. In that case it was held that a cause of action based on a contract and a breach thereof was subject to levy and sale on execution. This result was reached on the theory that since the action was one on a contract, the relief sought was the recovery of money or other personal property within the meaning of section 6804, Revised Codes of 1921, and that such a cause of action was a "thing in action" within the meaning of that statute; that a "thing in action" is the same as a "chose in action"; and that a "chose in action" is personal property within the meaning of section 9424, Id., designating property subject to execution. It must be observed, however, that a somewhat different situation exists with respect to actions *ex delicto* for personal injuries. In the *Coffey Case* this court cited with approval the case of *Bushnell* v. *Kennedy*, 9 Wall. 387, 390, 19 L. Ed. 736, wherein it was held that a chose in action "included all debts and all claims for damages for breach of contract, or for torts connected with contract." Another citation appearing in the *Coffey Case* is that of 22 R. C. L. 66, wherein choses in action are defined. It is there said that while the term "choses in action" is "sometimes used in the broad sense of all rights of action, whether *ex contractu* or *ex delicto*, its narrower and more general use is confined to assignable rights of action *ex contractu*, and perhaps *ex delicto* for injuries to property, or for torts connected with a contract. In this sense actions *ex delicto* for personal injuries are excluded."

The above rule was recognized in the *Coffey Case*. Indeed, it might well be said to have been given the tacit approval of

this court in that case. In any event, it is the generally accepted rule supported by the great weight of authority everywhere. In addition to the authorities already cited, see *Noonan v. Orton*, 34 Wis. 259, 17 Am. Rep. 441; *Gibson v. Gibson*, 43 Wis. 23, 28 Am. Rep. 527; 32 Cyc. 669, and cases cited. (Compare *Caledonia Ins. Co. v. Northern Pacific R. Co.*, 32 Mont. 46, 79 Pac. 544.)

We are of the opinion that a cause of action for personal injuries is not a "chose in action" such as may be classed as personal property, within the meaning of sections 9424 and 9267, supra. We are likewise of the opinion that such a cause of action does not constitute a "debt" as the term is used in section 9267. This court held in the case of *Cowell v. May*, 26 Mont. 163, 66 Pac. 843, 844, that in order to charge a garnishee, there must be, at the time of the service, a debt due or to become due, and not a contingent liability or a conditional contract merely. It was there said: "Although the immaturity of a debt at the time of garnishment is, of itself, unimportant in so far as the ultimate liability of the garnishee is concerned, yet, in order to charge him, there must be an existing debt at the time of the service, a contract under which a debt may or may not arise is not sufficient. There must be at the time of the service a debt due or to become due, and not a contingent liability or a conditional contract merely. 'The debt from the garnishee to the defendant, in respect of which it is sought to charge the former, must moreover be absolutely payable, at present or in future, and not dependent on any contingency. If the contract between the parties be of such a nature that it is uncertain and contingent whether anything will ever be due in virtue of it, it will not give rise to such a credit as may be attached; for that cannot properly be called a debt which is not certainly and at all events payable, either at the present or some future period.' (Drake, Attachm. (7th Ed.) sec. 551.)" In that case it was held that at the time of the garnishment the condition on which defendant's liability depended had not oc-

curred, and therefore there was no debt subject to garnishment.

The above rule as laid down in the *Cowell Case* was approved in the later case of *Dolenty* v. *Rocky Mountain Bell Tel. Co.*, 41 Mont. 105, 108 Pac. 921, 926, wherein, after referring to the above-quoted language of the *Cowell Case*, the court said: "That this is a correct statement of the rule is evidenced by the authorities generally; but if the liability of the garnishee is certain, and the only uncertainty which exists is as to the amount of such liability, then the debt, whatever it may be, is subject to attachment. This is the meaning of section 6667 of the Revised Codes [section 9267, Rev. Codes 1921], and is the rule recognized by the authorities." (Citing authorities.)

It is true that the *Cowell* and the *Dolenty Cases* involved contract actions rather than tort actions. However, the reasoning in those cases is even more applicable and more forceful in the case of a tort action for personal injuries, such as the one involved here. In such a case there is no certainty of liability on the part of the garnishee until a judgment has been rendered against him. The uncertainty of liability here is even greater than it was in either the *Cowell Case* or the *Dolenty Case*.

It is generally held that "a claim in tort, not reduced to judgment, is not a debt within the meaning of the statutes in reference to garnishment." (12 R. C. L. 797, and cases cited.) We are not cited to, nor have we been able to find, a single case holding that a bare cause of action for personal injuries may be levied on by way of attachment or execution. On the contrary, the authorities universally seem to hold that an unliquidated claim for damages in tort, such as an action for personal injuries, is not subject to attachment. (See *Lewis* v. *Barnett*, 139 Kan. 821, 33 Pac. (2d) 331, 93 A. L. R. 1082; *Black* v. *Plumb*, 94 Colo. 318, 29 Pac. (2d) 708, 91 A. L. R. 1334. See, also, annotations and collection of numerous authorities on this subject in 93 A. L. R. 1088 et seq.; 91 A. L. R. 1337 et seq.; and 28 C. J. 137, and cases cited.)

In light of the generally accepted rule we are impelled to hold here that the action instituted by Maude Adams against these defendants was not subject to attachment. It follows, therefore, that defendants were not liable for failing to recognize or comply with the attachment obtained by plaintiff. The court was correct in sustaining the demurrers.

The judgment is affirmed.

ASSOCIATE JUSTICES MATTHEWS, ANDERSON and MORRIS concur.

MR. CHIEF JUSTICE SANDS, absent on account of illness, takes no part in the foregoing decision.