TOOLE, RESPONDENT, v. PAUMIE PARISIAN DYE HOUSE, APPELLANT.

(No. 7,444.)

(Submitted December 2, 1935. Decided December 10, 1935.)

[52 Pac. (2d) 162.]

*Mr. George W. Howard* and *Mr. T. W. Bonner,* for Appellant, submitted a brief; *Mr. Howard* argued the cause orally.

*Mr. M. J. Doepker* and *Mr. Wm. B. Frame,* for Respondent, submitted a brief; *Mr. Doepker* argued the cause orally.

MR. JUSTICE STEWART delivered the opinion of the court.

This is an appeal from the district court of Silver Bow county. Clara M. Toole instituted a damage action against Paumie Parisian Dye House and obtained a judgment in the district court. The cause came to this court on appeal, and the judgment was reversed with direction to the district court to grant a new trial. (*Toole* v. *Paumie Parisian Dye House,* 98 Mont. 191, 39 Pac. (2d) 965.) The defendant obtained a judgment for the costs of the appeal amounting to $393.40, and thereafter caused execution to be issued and levied on the plaintiff's cause of action for personal injuries. The cause of action was advertised for sale by the sheriff, but before sale plaintiff filed a motion to quash the levy. Thereafter the district court made an order staying proceedings pending the motion to quash, and finally granted the motion quashing the levy of execution. This appeal was perfected from that order. The case really presents but one principal question, viz.: Is a cause of action for recovery of damages for personal injury subject to levy under writ of execution?

Plaintiff, who is respondent here, asserts that this case is controlled by the principles announced by us in the recent case of *Coty* v. *Cogswell*, 100 Mont. 496, 50 Pac. (2d) 249, 250, wherein we held that a cause of action for personal injuries was not subject to levy under the attachment statute of this state. (Sec. 9267, Rev. Codes 1921.) Defendant, appellant here, asserts that there exists a difference in the two cases by reason of the fact that here there is involved a different statute, section 9424, Id., which has to do with "What shall be liable on execution."

Section 9267 reads as follows: "All persons having in their possession, or under their control, any credits or other personal property belonging to the defendant, or owing any debts to the defendant at the time of service upon them of a copy of the writ and notice, shall be, unless such property be delivered up or transferred, or such debts be paid to the sheriff, liable to the plaintiff for the amount of such credits, property, or debts, until the attachment be discharged, or any judgment recovered by him be satisfied."

Section 9424 reads as follows: "All goods, chattels, moneys, and other property, both real and personal, or any interest therein of the judgment debtor, not exempt by law, and all property and rights of property, seized and held under attachment in the action, are liable to execution. Shares and interests in any corporation or company, and debts and credits, and all other property, both real and personal, or any interest in either real or personal property, and all other property not capable of manual delivery, may be attached on execution, in like manner as upon writs of attachments."

It will be observed that in the attachment statute (section 9267) the property designated as subject to attachment is described as credits or other personal property belonging to a defendant, and debts. In section 9424, the execution statute, the property designated as subject to seizure is described as goods, chattels, moneys and other personal property. In the *Coty* v. *Cogswell Case* we said: "We are of the opinion that a cause of action for personal injuries is not a 'chose in action' such as may be classed as personal property, within the meaning of sections

9424 and 9267, supra. We are likewise of the opinion that such a cause of action does not constitute a 'debt.' as the term is used in section 9267.''

Appellant urges that because we were only considering a writ of attachment in the *Coty Case* and that no execution was involved therein, what we said about section 9424, the execution statute, was *dictum* and cannot be considered as controlling here. We cannot agree with the contention that there is any difference in the meaning of the two sections in the particular under consideration, although the wording is slightly different. The word ''property'' is the significant word in both sections. The insertion of the words ''or other'' before the word ''property'' as it appears in section 9424 does not render the provision any more comprehensive or inclusive than the words ''or other personal property'' as the provision appears in section 9267. The contention is without merit.

Appellant cites and relies on certain cases wherein it was held that a cause of action for damages for breach of contract, or tort connected with a contract, was a subject to levy and sale on execution. Typical of such cases are *Meserve* v. *Superior Court*, 2 Cal. App. (2d) 468, 38 Pac. (2d) 453, and *Brenton Bros.* v. *Dorr*, 213 Iowa, 725, 239 N. W. 808. These cases are not applicable or persuasive in the circumstances of this case.

We repeat and make applicable here what we said in the *Coty Case*, viz., ''We are not cited to, nor have we been able to find, a single case holding that a bare cause of action for personal injuries may be levied on by way of attachment or execution.''

The ruling of the district court in quashing the levy of execution is affirmed.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES MATTHEWS, ANDERSON and MORRIS concur.