MR. JUSTICE HARRISON
delivered the Opinion of the Court.
This is an appeal from an order denying a motion to vacate a default judgment and stay of execution. The defendants sought to vacate a default judgment by claiming the judgment to be void. The District Court of the Thirteenth Judicial District, in and for the County of Yellowstone, denied the defendants’ motion.
On June 6, 1981, defendant Mark A. Christenson apparently caused an accident by improperly operating a motor vehicle. Kristine N. Hinckley, a passenger in the vehicle, sustained injuries as a result of the accident. Both Christen-son and Hinckley were minors at the time of the accident. Christenson had no insurance on the vehicle when the accident occurred.
Farmers Insurance Exchange (Farmers) insured Hinckley and paid $7,000 on her claim arising out of the injuries she sustained in the accident. Farmers paid this under an uninsured motorist provision in the Hinckley insurance policy. As required in the policy, the Hinckleys assigned their per *252 sonal injury action to Farmers as part of a subrogation clause.
On February 10, 1982, Farmers filed an action against Christenson and his parents for $7,000 paid on the personal injury claim. The Christensons received proper service of the complaint and summons. The Christensons failed to answer or take any action to defend against this action. On April 1, 1982, Farmers filed a motion for default judgment and on July 29, 1982, the court granted said motion.
On January 11, 1983, the Christensons filed a motion to vacate the default judgment and stay the execution. They asserted the judgment was void because Farmers was an improper party in the action. The Hinckleys lacked the ability to assign their personal injury action via the subrogation clause to Farmers. Following a hearing on their case, the court found that the subrogation occurred properly and that the default judgment was entered properly.
Appellants raise two issues on appeal:
(1) Can an insured party subrogate a personal injury action to an insurance company following the payment of claims arising out of a policy protection against uninsured motorist?
(2) Was the default judgment void if Farmers was an improper party to the action?
Appellants contend the District Court erred in determining that respondent received a valid subrogation interest from Kristine Hinckley. They contend that an injured party cannot subrogate a personal injury claim to an insurance company. Such subrogation is invalid. Therefore, the insurance company is not a real party in interest in the suit and cannot sue the tortfeasor.
Appellants rely heavily on Allstate v. Reitler (Mont. 1981), 628 P.2d 667, 38 St.Rep. 821, for the proposition that the insured cannot subrogate personal injury claims to an insurance company. Reitler involved a woman, Welton, who suffered an injury in an automobile accident caused by Reitler. Welton received $2,000 from Allstate for her medi *253 cal expenses, but that amount failed to cover the total expenses.
She then settled with Reitler’s insurance company (Farmers Insurance Exchange) and signed a release of claims against them. Allstate then claimed a right to subrogation and tried to recover the $2,000 it paid to Welton from Reitler. This Court held that subrogation clauses on medical insurance policies are invalid, and went on to say the insured could not subrogate their personal injury claim to the insurance company.
Appellants also cite Cody v. Cogswell (1935), 100 Mont. 496, 50 P.2d 249, to support their claim that personal injury claims cannot be assigned. That case involved a writ of attachment on a personal injury cause of action before a judgment was rendered. This Court held that personal injury suits were not subject to writs of attachment.
Respondent distinguishes Reitler in that it involved medical payment coverage and not uninsured motorist coverage. It dismisses the broad statements against assignment of personal injury claims as dicta.
Justice Morrison, the author of Reitler, carefully limited the holding to medical payments subrogation clauses:
“We hold that medical payment subrogation clauses are invalid. In doing so, we are mindful that this Court is joining a minority of jurisdictions so holding. However, the public policy considerations militate in favor of such a result.” 628 P.2d at 670, 38 St.Rep. at 824.
This is not to say we approve of the wording of the clause in this contract which in our opinion could be abused by the insurance company. The clause reads:
“Subrogation. In the event of any payment under this policy, the company shall be subrogated to all the insured’s right of recovery therefore, against any person or organization, and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights.” (Emphasis added.)
*254 In our opinion under this clause it could be possible that the insurance company could collect an amount in excess of what was paid out to the insured. That will not be permitted. The insurance company can only be permitted to be subrogated for the amount paid out to insured.
Respondent asserts that equity dictates the need for subrogation. It cites Skauge v. Mountain States Tel. & Tel. (1977), 172 Mont. 521, 565 P.2d 628, to support this claim. In Skauge, this Court permitted subrogation of a claim for damages to personal property that resulted from defendant’s negligence. We said subrogation may occur after the insured has been made whole for his entire loss.
Respondent argues that public policy requires subrogation in this case. If this Court precluded subrogation of claims against uninsured motorists, then the uninsured motorist would probably benefit. Once the insured plaintiff receives the insurance compensation for the accident, it is less likely he will pursue litigation against the uninsured motorist. Therefore, subrogation enhances the chances that the uninsured motorist will pay for his wrongdoing, and promote the policy requiring motorists to carry insurance.
As noted above, the controlling issue here is one of public policy. We hold that an uninsured motorist carrier can make payment to an insured, and when the insured settles his claim or obtains a judgment against a third party, the carrier can subrogate and collect back the amount paid to the insured. Further, the uninsured motorist carrier can require that the action be instituted in the name of the insured against the uninsured motorist in order to effectuate the subrogation interest of the uninsured motorist carrier. But said action must not impair, diminish or jeopardize insured’s ability to recover any damages in excess of the subrogation amount. If a subrogation occurs, then the uninsured motorist carrier must, in good faith, seek for the insured any other damages (general, special or punitive) that he may not have received in his payment from the carrier.
*255 While it is argued that this issue hinges on this Court’s interpretation of Reitler, where we denied subrogation to medical payment coverage, we believe that public policy demands that our holding in that case is limited to medical payment coverage.
Appellants’ reliance on Cody, supra, also cited in Reitler for the proposition that Montana has long opposed assignment of personal injury claims, is unfounded. Cody never dealt with the issue of assignment. That case only involved an issue of attachment.
“In their briefs and argument on this question, counsel for both sides have devoted considerable time and space to the question of whether such a cause of action is assignable, or whether it survives the death of the person in whom it reposes. As we view the case, these matters have no relevancy to the real issue presented here. The only question to be determined is whether a cause of action for personal injuries is subject to attachment before judgment is rendered thereon.” 100 Mont, at 500, 50 P.2d at 250.
In the second issue, appellants claim that because subrogation cannot occur, then respondent cannot be a real party in interest. They cite Rule 17(a), M.R.Civ.P., that “[e]very action shall be prosecuted in the name of the real party in interest . . .” The lack of a real party in interest renders the judgment void. A void judgment is always subject to collateral attack as provided in Rule 60(b)(4), M.R.Civ.P.
Due to the fact we find the subrogation is proper, we will not treat the second issue due to mootness.
The District Court properly found such judgment valid. We hereby affirm.
MR. CHIEF JUSTICE HASWELL and MR. JUSTICE GULBRANDSON concur.
MR. JUSTICE SHEA dissents and will file opinion later.