DA 11-0438

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 74

TANA BLACKMORE,

      Plaintiff and Appellant,

  v.

MARVIN DUNSTER,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 07-1158
Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

         William J. O'Connor, II; O'Connor & O'Connor, P.C.; Billings, Montana

      For Appellee:

         Elizabeth J. Honaker; Honaker Law Firm; Billings, Montana

                       Submitted on Briefs:  February 29, 2012

                                 Decided:  April 3, 2012

Filed:

                                 Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Appellant Tana Blackmore appeals an order from the Thirteenth Judicial District Court setting aside the levying sale, and her purchase, of Appellee Marvin Dunster's pending personal injury cause of action. We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

¶2 Blackmore filed a complaint against Dunster in Yellowstone County Cause No. DV 07-1158, alleging damages arising from an assault and unlawful restraint in May 2006. At the conclusion of trial, the jury returned a verdict awarding Blackmore $3,500. On December 7, 2009, the District Court, the Honorable Susan P. Watters presiding, entered a judgment against Dunster in the amount of $3,117.81, deducting from the jury's award restitution Dunster already had paid and costs assessed against Blackmore due to an earlier offer of judgment. After Blackmore tried unsuccessfully to collect on the judgment, the District Court granted Blackmore's motion to conduct a Debtor's Examination. According to Blackmore, Dunster testified he had transferred all of his property and money to either his children or girlfriend. Blackmore was unable to recover any proceeds from Dunster toward satisfaction of the judgment.

¶3 On August 31, 2010, Dunster filed an unrelated action against the Yellowstone County Sheriff's Office, the Billings Police Department, and three persons individually, for false arrest and imprisonment, punitive damages and attorney's fees. That case is currently before the Honorable Gregory R. Todd in the Thirteenth Judicial District Court as Cause No. DV 10-1504.

¶4 On November 15, 2010, the Clerk of the District Court issued a Writ of Execution in Cause No. 07-1158 in favor of Blackmore in the amount of $3,545.14, the additional amount reflecting post-judgment interest and costs. The writ directed a sheriff or levying officer to satisfy the balance due out of "the PERSONAL PROPERTY of the debtor NOT EXEMPT FROM EXECUTION." The writ specifically instructed the sheriff to seize and sell Dunster's cause of action against Yellowstone County. On December 10, 2010, Blackmore's attorney, William O'Connor, sent a letter to Dunster's attorney, Elizabeth Honaker, advising her of the anticipated sale. The levying officer issued a certificate the day of the sale, December 17, 2010, stating Blackmore had purchased Dunster's cause of action for fifty dollars. O'Connor later filed a motion in Cause No. 10-1504 seeking to be substituted as counsel, and to have Blackmore substituted as plaintiff, in Dunster's cause of action. Judge Todd denied his motion on the ground that the levying sale was void under Montana law.

¶5 On February 17, 2010, Honaker filed a motion in Cause No. 07-1158 to set aside the sale of Dunster's cause of action. After briefing and oral argument on the issue, the court granted Dunster's motion. In a memorandum accompanying the order, Judge Watters initially questioned whether hers was the proper court to decide the matter as the sale was for Dunster's separate cause of action pending before Judge Todd. Nonetheless, she proceeded to the merits of the matter and set the sale aside on the ground that a pending personal injury action is not subject to levy before judgment is entered. Judge Watters expressly adopted Judge Todd's analysis in concluding the sale was void. As

3

additional grounds for her decision, she stated the sale was invalid because the levying officer failed to follow proper statutory procedures. Blackmore appeals Judge Watters' order.

## STANDARD OF REVIEW

¶6 We review a district court's interpretation and application of a statute to determine whether the court's interpretation is correct. *LHC, Inc. v. Alvarez*, 2007 MT 123, ¶ 13, 337 Mont. 294, 160 P.3d 502. We also apply de novo review to a court's legal conclusions and mixed questions of law and fact. *City of Billings v. Staebler*, 2011 MT 254, ¶ 8, 362 Mont. 231, 262 P.3d 1011.

## DISCUSSION

¶7 As a preliminary matter, Blackmore suggests the District Court did not have jurisdiction to decide the issue before it; therefore, the court's order setting aside the levying sale was invalid. Blackmore relies on a statement in the court's order, which did not mention jurisdiction: "this [c]ourt does not believe the motion is properly before it." Blackmore cites no authority for her argument the court lacked jurisdiction. "It is not our obligation to conduct legal research or develop legal analysis supporting a party's position." *In re Estate of Harmon*, 2011 MT 84, ¶ 28, 360 Mont. 150, 253 P.3d 821 (citing M. R. App. P. 12(1)(f)). Assuming Blackmore's contention is that the court lacked subject matter jurisdiction, an issue this Court may address *sua sponte*, (M. R. Civ. P. 12(h)(3)), we find no merit in this argument. *In re Alexander*, 2011 MT 1, ¶ 24, 359 Mont. 89, 246 P.3d 712 ("The district court has 'jurisdiction to enter any necessary

4

orders to enforce its judgments.'" (quoting *Alpine Buffalo, Elk & Llama Ranch, Inc. v. Anderson*, 2001 MT 307, ¶ 12, 307 Mont. 509, 38 P.3d 815)).

¶8 Blackmore contends the District Court's ruling was in error because Montana law authorized the sale. Dunster argues the sale was void based both on procedural deficiencies and substantively under this Court's precedent. We agree with Dunster's substantive claim and resolve the appeal on that basis.

¶9 We have previously addressed whether a pending personal injury cause of action may be subject to execution in satisfaction of a judgment. In *Coty v. Cogswell*, 100 Mont. 496, 503, 50 P.2d 249, 251 (1935), this Court stated:

> We are not cited to, nor have we been able to find, a single case holding that a bare cause of action for personal injuries may be levied on by way of attachment or execution. On the contrary, the authorities universally seem to hold that an unliquidated claim for damages in tort, such as an action for personal injuries, is not subject to attachment.

Blackmore asserts that, although we have never expressly overruled our decision in *Coty*, that case is effectively no longer good law as it was based upon Montana statutes in effect in 1935 that have since been modified. Blackmore states we should decline to follow the rule articulated in *Coty* because the old code sections have "significantly changed." We disagree with this characterization. Blackmore cites several statutes in support of her argument, including §§ 1-1-205 and 25-13-501, MCA. However, a review of these laws demonstrates they remain nearly identical to the language discussed in *Coty* except for minor grammatical changes. *See* §§ 16, 9424, RCM (1921). Blackmore offers no

5

discussion or analysis of how the laws substantively have changed, nor is any significant alteration evident from our review.

¶10 Moreover, subsequent cases have reaffirmed the continued vitality of *Coty*'s central holding. *Baker v. Tullock*, 106 Mont. 375, 378-79, 77 P.2d 1035, 1036 (1938) ("This court has held that a cause of action is subject to execution, excepting those based upon tort." (citation omitted)); *Allstate Ins. Co. v. Reitler*, 192 Mont. 351, 356, 628 P.2d 667, 670 (1981) (invalidating medical payments subrogation clause, on the authority of *Coty*, because it effectively assigned the insured's right to recover against a third-party tortfeasor); *Youngblood v. American States Ins., Co.*, 262 Mont. 391, 396, 866 P.2d 203, 206 (1993) ("Montana law has long held that a property damage claim is assignable, while a cause of action growing out of a personal right, such as a tort, is not assignable.") Later, in *Alpine*, we distinguished *Coty* but nevertheless acknowledged the proposition for which it stood: "in this case, unlike in *Coty*, the District Court ordered the assignment of the proceeds of Andersen's tort action to the extent necessary to satisfy Alpine's deficiency judgment; it did not attach or assign the malpractice cause of action itself." *Alpine*, ¶ 17. Despite Blackmore's assertions, we find no language in *Alpine* indicating any erosion of the principle articulated in *Coty*.

¶11 Blackmore also cites *Brockie v. Omo Constr., Inc.*, 268 Mont. 519, 887 P.2d 167 (1994), and *Runstrom v. Allen*, 2008 MT 281, 345 Mont 314, 191 P.3d 410, to support her argument that personal injury claims may be transferred. However, these cases pertain to Montana's survivorship statute, § 27-1-501, MCA, which preserves the ability

6

of a decedent's personal representative to pursue the decedent's right to recovery in a civil action. Blackmore is not in a position akin to a "survivor," and the survivorship statute does not independently confer a right to compel transfer of a personal injury action. Therefore, these cases do not guide our decision here.

¶12 Blackmore next turns to authority from other states, which largely is not on point as the cases discuss statutes unique to those states. *Applied Med. Tech., Inc. v. Eames*, 44 P.3d 699, 701 (Utah 2002); *Arbie Mineral Feed Co. Inc. v. Farm Bureau Mut. Ins. Co.*, 462 N.W.2d 677, 680 (Iowa 1990); *Maranatha Faith Ctr., Inc. v. Colonial Trust Co.*, 904 So.2d 1004, 1007 (Miss. 2004). Even if these cases unequivocally stood for the notion that a judgment creditor may execute upon a pending personal injury action, they do not interpret Montana law. As explained above, our case law is consistent in addressing this issue and Blackmore offers no compelling reason to overrule it. Montana is not an outlier in declining to honor the sale of causes of action. *See Denham v. Farmers Ins. Co.*, 213 Cal. App. 3d 1061, 1071 (1989) (state statute "specifically provides that a cause of action is not subject to execution."); *Cagle v. Butcher*, 575 P.2d 321, 323 (Ariz. 1978) (garnishment, not execution, is the proper remedy to reach a cause of action); *O'Hern v. Donald*, 256 So.2d 13, 15-16 (Fla. Dist. Ct. App. 1971) (even if the cause of action "was a form of property or property right, it is not property which is subject to a writ of execution."); *Prodigy Ctrs./Atlanta No. 1 L.P. v. T-C Assocs., Ltd.*, 501 S.E.2d 209, 211 (Ga. 1998) (causes in action are not subject to seizure and sale unless there is an explicit statutory exception).

7

¶13 Finally, Blackmore argues, "[i]t is not in the public interest to allow persons to hide assets to avoid paying a judgment debt." We agree, but Blackmore has an alternate avenue. As in *Alpine*, Blackmore could petition the court to assign to Blackmore any proceeds from Dunster's tort action in satisfaction of the judgment debt. Blackmore's proposed solution of purchasing Dunster's pending tort claim presents a host of other legal, practical, and ethical problems that Blackmore does not analyze, nor do we need to do so here.

¶14 Montana law does not allow the levy or sale of a pending personal injury cause of action before judgment is rendered. Accordingly, the District Court's order setting aside the sale of Dunster's cause of action is affirmed.


/S/ BETH BAKER


We concur:


/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS