FILED

03/31/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0125

DA 19-0125

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 78N

MATTHEW M. ROSENDALE, Montana State Auditor,

  Plaintiff and Appellee,

 v.

VICTORY INSURANCE CO., a Montana Corporation,

  Defendant and Appellant,

JUDY BRETSCH TRUST 2009, a South Dakota
Trust, and KEITH BROWNFIELD, an Individual,

  Defendants.

APPEAL FROM: District Court of the Sixteenth Judicial District,
      In and For the County of Custer, Cause No. DV-2018-18
      Honorable Michael B. Hayworth, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

     Linda M. Deola, Scott Peterson, Morrison, Sherwood, Wilson & Deola
     PLLP, Helena, Montana

   For Appellee:

     Michelle R. Dietrich, Special Assistant Attorney General, Office of the
     Commissioner of Securities and Insurance, Montana State Auditor, Helena,
     Montana

     Kate McGrath Ellis, Christensen & Prezeau, PLLP, Helena, Montana

         Submitted on Briefs: August 7, 2019
             Decided: March 31, 2020

Filed:

       _____
            Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Victory Insurance Co. (Victory) appeals the Order on Motions of the Sixteenth Judicial District Court, Custer County, dismissing the Commissioner of Securities and Insurance's (CSI) underlying action and, concordantly, dismissing the temporary restraining order obtained by Victory which enjoined the release of the CSI's 2011-2014 Examination Report to the public. We affirm.

¶3 Victory is a Montana workers' compensation insurance company with its principal office located in Custer County. Pursuant to § 33-1-401, MCA, the CSI conducted an examination of Victory for the period of January 1, 2011 through December 31, 2014 (2011-2014 Report). On March 11, 2016, the CSI completed the 2011-2014 Report, and served it upon Victory in May 2016. Victory submitted comments which were reviewed by the CSI and, on July 19, 2016, an amended version of the 2011-2014 Report was adopted by administrative order (2016 CSI Order). The 2016 CSI Order advised Victory of its right to appeal under §§ 33-1-409(4)(a), and 33-1-701, MCA. On August 9, 2016, Victory filed Respondent's Request for Hearing under §§ 33-1-409(4)(a), and 33-1-701, MCA, relative to the 2016 CSI Order. On September 7, 2016, the CSI issued an Order Granting Hearing and an Order Appointing a Hearing Examiner. In June 2017, Victory requested that the

hearing be reset after the parties were unable to set deposition dates; however, no action was taken to reset the hearing because the appointed hearing officer passed away shortly after Victory's request.

¶4 On September 18, 2017, the CSI filed a Complaint in the First Judicial District Court, Lewis and Clark County, alleging Victory failed to register as an insurance holding company, disclose material transactions, and file other required documents. On September 20, 2017, the CSI filed a Motion for Injunctive Relief, requesting Victory be ordered to make a number of filings, including an insurance holding company system registration.

¶5 Also on September 20, 2017, the CSI issued an Order Dismissing Contested Case regarding the previously set administrative hearing relative to the 2016 CSI Order. The CSI dismissed the hearing based on the rationale that Victory had no statutory right to a hearing, and the CSI was within its discretionary authority to revoke its grant of a hearing. The CSI characterized the initial grant of a hearing as "[a]t worst…an administrative error."

¶6 On October 6, 2017, Victory filed an Ex Parte Motion for Temporary Restraining Order Pending Show Cause Hearing in District Court, seeking injunctive relief to stay the 2016 CSI Order and prohibit the disclosure of the 2011-2014 Report. Victory specifically requested that the injunctive relief it sought "should remain in effect until this case resolves." On October 11, 2017, the District Court granted the TRO and set a Show Cause Hearing for October 24, 2017. At the show cause hearing, the judge recused himself because of a former attorney-client relationship with the CSI's counsel. The show cause

3

hearing was never reset; however, the District Court continued the TRO, and it remained in effect.

¶7 On November 9, 2017, Victory moved for dismissal of all counts averred in the CSI's Complaint on the grounds that the District Court "lack[ed] subject matter jurisdiction to determine the merits or the remedy sought by the [CSI] and also because the [CSI] has failed to exhaust administrative remedies." Although it sought complete dismissal of the CSI's Complaint, Victory styled its motion as a "Motion for Partial Dismissal" because it contended that it was not challenging the District Court's subject matter jurisdiction over the CSI's pending Motion for Injunctive Relief or Victory's TRO that remained in place.

¶8 On January 31, 2019, the District Court issued an omnibus order addressing the multiple pending motions. The District Court granted Victory's motion to dismiss the CSI Complaint, and it denied the CSI's Motion for Injunctive Relief. Having dismissed the CSI's action, and denied its Motion for Injunctive Relief, the District Court then dismissed Victory's TRO, reasoning:

> [W]ith this Order, both the [CSI's] Complaint and *Motion for Injunctive Relief* are dismissed. Thus, Victory has achieved the relief requested – that the Court bar release of the Report until this case is resolved. Thus, and [sic] the TRO is properly dismissed (as moot) with dismissal of the underlying action.

Victory appeals the District Court's Order, expressly limiting its appeal "to the District Court's revocation of Victory's Temporary Restraining Order (TRO) and denial of injunctive relief."

4

¶9 We review a district court's grant or denial of injunctive relief for a manifest abuse of discretion, one that is "obvious, evident, or unmistakable." *Davis v. Westphal*, 2017 MT 276, ¶ 10, 389 Mont. 251, 405 P.3d 73 (quoting *Shammel v. Canyon Res. Corp.*, 2003 MT 372, ¶ 12, 319 Mont. 132, 82 P.3d 912); *Citizens for Balanced Use v. Maurier*, 2013 MT 166, ¶ 9, 370 Mont. 410, 303 P.3d 794 (quoting *State v. BNSF Ry. Co.*, 2011 MT 108, ¶ 16, 360 Mont. 361, 254 P.3d 561). We review a district court's interpretation and application of a statute to determine whether the court's interpretation is correct. *Blackmore v. Dunster*, 2012 MT 74, ¶ 6, 364 Mont. 384, 274 P.3d 748. We also apply de novo review to a district court's legal conclusion. *Blackmore*, ¶ 6.

¶10 "The purpose of preliminary injunctive relief is to maintain the status quo pending the final outcome of litigation." *Cole v. St. James Healthcare*, 2008 MT 453, ¶ 25, 348 Mont. 68, 1999 P.3d 810. Status quo is defined as "the last actual, peaceable, [un]contested condition preceding the controversy at issue." *Davis*, ¶ 24 (alteration in the original) (citing *Porter v. K & S P'ship*, 192 Mont. 175, 181, 627 P.2d 836, 839 (1981)); *Benefis Healthcare v. Great Falls Clinic, LLP*, 2006 MT 254, ¶ 14, 334 Mont. 86, 146 P.3d 714 (citations omitted). A district court is granted a high degree of discretion to maintain the status quo, *see Shammel,* ¶ 12, and has a duty to minimize the injury to all parties in the controversy, *Benefis Healthcare*, ¶ 14; *Porter*, 192 Mont. at 182, 627 P.2d at 840.

¶11 TROs are a form of injunctive relief "made upon notice or an order to show cause, either before or after answer, … [and] may enjoin the adverse party, until the hearing and decision of the application." Section 27-19-314, MCA. TROs typically precede an injunction and are "intended to last only until a hearing is held and a decision made on the injunction application." *Marketing Specialists v. Service Mktg of MT, Inc.*, 214 Mont. 377, 388, 693 P.2d 540, 546 (1985).

¶12 In its motion for TRO, Victory sought injunctive relief that "should remain in effect until this case resolves." In its brief in support of its motion for TRO, Victory reiterated that it was seeking injunctive relief "pending the resolution of this lawsuit." That is precisely the relief it got. Victory's TRO was granted, and it continued in effect, until the District Court granted Victory's motion to dismiss the CSI's Complaint and denied the CSI's Motion for Injunctive Relief. At that point, the lawsuit was resolved. Although Victory would like to continue its application for injunctive relief as effectively a stand-alone claim, untethered from the lawsuit from which it originated, that is neither the relief it sought, nor would such relief be appropriate. "The purpose of preliminary injunctive relief is to maintain the status quo pending the final outcome of litigation." *Cole*, ¶ 25.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court did not manifestly abuse its discretion

6

when it dismissed Victory's TRO as moot upon the conclusion of the CSI's action against

Victory.  We affirm.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ INGRID GUSTAFSON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR