No. 83-547

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

MARKETING SPECIALISTS, INC.,
a Utah Corporation,

                    Plaintiff and Respondent,

        -vs-

SERVICE MARKETING OF MONTANA,
INC., and MITCHELL SUMMER
and JANE SUMMER, husband and
wife,

                    Defendants and Appellants.

---

APPEAL FROM:   District Court of the Eighth Judicial District,
               In and for the County of Cascade,
               The Honorable Joel G. Roth, Judge presiding.

COUNSEL OF RECORD:

        For Appellants:

                Charles M. Cruikshank, III, argued, Great Falls,
                Montana

        For Respondent:

                Alexander & Baucus; John Paul argued, Great Falls,
                Montana

        For Amicus Curiae:

                Mike Greely, Attorney General, Helena, Montana

---

                        Submitted:  November 1, 1984

                        Decided:  January 3, 1985

Filed:  JAN 3 1985

*Ethel M. Harrison*
─────────────────────────────────────────
                    Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Defendants appeal from an injunctive order by the District Court of the Eighth Judicial District, Cascade County. The court ordered defendants to post a $75,000 bond in lieu of granting plaintiff a temporary restraining order. We reverse the District Court and vacate the order.

Mitchell Summer and his wife Jane Summer were employed in Great Falls, Montana, by plaintiff-respondent, Marketing Specialists, Inc. for approximately two and one-half years commencing in the early part of 1981. Plaintiff, a Utah corporation, was engaged in business as broker and agent for various food and non-food manufacturers and producers. Plaintiff arranged sales with retail businesses.

Mitchell Summer was the general manager of plaintiff's Montana operations. Jane Summer did clerical work and assisted Mitchell. After notice to plaintiff on August 1, 1983, Mitchell and Jane Summer terminated their employment relationship with Marketing Specialists, Inc.

On August 12, 1983, Marketing Specialists filed suit against Jane and Mitchell Summer and Service Marketing of Montana, Inc. Plaintiff alleged breach of fiduciary duty, unfair and unlawful business competition, conversion of property, tortious interference with business arrangements and contracts and other claims. Plaintiff alleged that the Summers in concert with Service Marketing of Montana, Inc. induced plaintiff's customers to break contracts with plaintiff and employ defendants. Marketing Specialists alleged that defendants converted records, books, and other confidential information and used the same to unlawfully

interfere with plaintiff's business. At the same time Marketing Specialists filed its complaint in Cascade County District Court, it also filed a motion for a temporary restraining order (TRO) prohibiting defendants from contacting or negotiating with any manufacturers. Plaintiff complied with the procedure set forth in section 27-19-201, MCA, et seq. and obtained the TRO without prior notice or hearing pursuant to section 27-19-315, MCA.

The District Court issued a TRO in accord with plaintiff's motion on August 12, 1983. A hearing was set for August 22, 1983 to determine if a preliminary injunction should issue. On August 19, 1983, defendants moved the court to require plaintiff to post bond in accordance with section 27-19-306, MCA, to cover costs and damages to persons wrongfully restrained. Defendants also moved to quash the TRO and to declare Marketing Specialists incapable of bringing suit in the State of Montana for failure to obtain a certificate of authority as a foreign corporation to transact business as required by section 35-1-1004, MCA.

On August 24, 1983, a hearing was held. On August 26, 1983, the District Court denied the plaintiff's motion for a preliminary injunction, dissolved the TRO, and ordered Marketing Specialists to post a $35,000 bond pursuant to section 27-19-307, MCA. On September 6, 1983, Marketing Specialists moved the District Court to amend the August 26, 1983 order to relieve it of its bond requirement and impose a $75,000 bond on defendants. Marketing Specialists argued that the District Court had no authority under section 27-19-307, MCA, to require it to post bond and that section 27-19-405, MCA, mandated that defendants post bond instead. On September 7, 1983, the District Court stayed its order

requiring Marketing Specialists to post bond pending a hearing.

On September 26, 1983, after a hearing the District Court reversed itself and amended its August 26, 1983 order as follows: (1) deleted requirement that Marketing Specialists post a $35,000 bond; (2) ordered defendant to post a $75,000 bond; (3) if no bond were posted by defendant within three days, the plaintiff's restraining order would continue until said bond is posted.

Prior to argument on appeal, it was brought to the attention of this Court that the codified version of section 27-19-405, MCA, a statute central to this case, differed from the corresponding official enrolled bill passed by the legislature which is on file with the secretary of state. The differences arose because section 27-19-405, MCA, was amended in two separate bills in the 1979 legislative session. In our order of July 27, 1984, we asked the parties to address this issue in their briefs and point out what effect, if any, the variation had upon the case.

Accordingly, we shall address the following issues:

1. What is the power and duty of the code commissioner to reconcile two laws passed on exactly the same subject during the same legislative session?

a. What is the meaning, proper codification and interpretation of the different versions of section 27-19-405, MCA?

2. Is Marketing Specialists barred from prosecuting this suit because it allegedly did not possess a current certificate of authority to do business as required by sections 35-1-1001, MCA, et seq.?

3. May the District Court, after finding a temporary restraining order wrongfully issued, reimpose the terms of the order unless the defendants post bond for damages?

We will first consider the effect of the two amendments made to section 27-19-405, MCA, in the 1979 Legislative Session and the codification by the code commissioner of these amendments in the 1983 Montana Code Annotated.

The code commissioner holds a position created within the legislative council. Section 1-11-201, MCA. The duties of the code commissioner are set forth in section 1-11-204, MCA, and primarily consist of codifying and recodifying laws passed by the Montana legislature. "Recodify" is defined in section 1-11-101, MCA as follows:

"(2) 'Recodify' means to compile, arrange, rearrange, and prepare for publication. It includes without changing the meaning, effect or intent of any law:

" . . .

"e) changing and inserting language made necessary because of rearrangement;

"f) eliminating redundant words."

The legislature has given the code commissioner the power to change the language of a law without changing its substance or intent.

Section 1-11-103(6), MCA, states:

"After enactment, the Montana Code Annotated, including all subsequent replacement volumes shall be prima facie the official laws of Montana. In the case of any inconsistency in meaning arising through ommission or otherwise between portions of Montana Code Annotated and the corresponding portion of the official enrolled bill on file with the secretary of a state, effect shall be given to the official enrolled bill." (Emphasis added.)

It is the duty of this Court acting under the power conferred upon it by Article III of the Montana Constitution to determine if the codification has a meaning consistent

with the official session laws. For the reasons set forth below, we find the commissioner acted properly in combining Ch. 12 and Ch. 399 when codifying section 27-19-405, MCA.

The version of section 27-19-405, MCA, contained in Ch. 12, Laws of Montana (1979), was part of a bill introduced at the request of the code commissioner to clarify the law of remedies. The Ch. 399, Laws of Montana (1979) version was introduced at the request of the attorney general as part of a bill to revise procedures for dissolving injunctions and temporary restraining orders. The substance of both versions of section 27-19-405, MCA, was the same and they were not intended to be in conflict.

We have held that this Court should reconcile two statutes if possible and not hold that one impliedly overrules the other. See State ex rel. Normile v. Cooney (1935), 100 Mont. 391, 47 P.2d 637; State v. Hindson (1910), 40 Mont. 353, 106 P. 362.

The two original bills at issue are easily reconcilable and for all practical purposes express the same meaning and same legislative intent. The version appearing in the Code is a hybrid of the two legislative enactments.

In the Forty-Sixth Legislative Assembly (1979), in Ch. 12, § 52, Laws of Montana (1979), section 27-19-405, MCA was amended to read as follows:

> "Defendant's undertaking for security upon dissolution. If the injunction order is dissolved because the alleged injury is not irreparable and is capable of being adequately compensated for in money, the court or judge shall require the defendant to execute an undertaking in such form and amount and with such sureties as the court or judge my direct, conditioned to indemnify the plaintiff against loss sustained by reason of the dissolution." (Emphasis added.)

In the same legislative session, the legislature again amended section 27-19-405, MCA, by Ch. 399, § 16, Laws of Montana (1979), so that in that amendment section 27-19-405, MCA is as follows:

"27-19-405. Enjoined party's undertaking for security upon dissolution. Upon the hearing mentioned in 27-19-403, the court or judge may vacate the injunction order upon the enjoined party's executing an undertaking in such form and amount and with such sureties as the court or judge shall direct, conditioned to indemnify the party who obtained the injunction order against loss sustained by reason of vacating such injunction order." (Emphasis added.)

In the 1983 codification of Montana Codes Annotated, section 27-19-405, MCA, appears as follows:

"Enjoined party's undertaking for security upon dissolution. If the injunction order is dissolved because the alleged injury is not irreparable and is capable of being adequately compensated for in money, the court or judge shall require the enjoined party to execute an undertaking in such form and amount and with such sureties as the court or judge may direct, conditioned to indemnify the party who obtained the injunction order against loss sustained by reasons of the dissolution." (Emphasis added.)

The 1983 codification merely adopts the Ch. 12 version, but substitutes "enjoined party" for "defendant" and "party who obtained the injunction order" for "plaintiff." These terms were borrowed from Ch. 399. The substitution is reasonable; the terms are more appropriate to the subject matter in the statute and more clearly express legislative intent. The use of terms "plaintiff" and "defendant" assumes the defendant is always enjoined and the plaintiff is always the party who obtained the injunction order. This is usually the case, but may not always be so. The clear intent of section 27-19-405, MCA, is to provide the party who had obtained an injunction because of a threatened injury an alternate means of security when the injunction is dissolved.

In sum, there is no practical difference between any of the versions of section 27-19-405, MCA. They all call for the substitution of a bond for an injunction. The amount of the bond is to be equivalent to the loss sustained by the party who had secured the injunction when the injunction is dissolved.

The present codification of section 27-19-405, MCA, contained in the 1983 Montana Code Annotated is a proper statement of the law as intended by the legislature.

PLAINTIFF'S DISABILITY

Defendants contend that plaintiff is without authority to bring suit in Montana because it is a foreign corporation transacting business in Montana without a certificate of authority. We agree. Section 35-1-1004(1), MCA, states:

> "35-1-1004. Transacting business without certificate--disabilities and liabilities. (1) No foreign corporation transacting business in this state without a certificate of authority shall be permitted to maintain any action, suit, or proceeding in any court in this state until such corporation shall have obtained a certificate of authority. Nor shall any action, suit, or proceeding be maintained in any court of this state by any successor assignee of such corporation on any right, claim, or demand arising out of the transaction of business by such corporation in this state until a certificate of authority shall have been obtained by such corporation or by a corporation which has acquired all or substantially all of its assets."

Uncontradicted evidence tendered at the August 24, 1983 hearing shows the plaintiff corporation lacked a valid certificate of authority. The Secretary of State certified that he had no record of a Utah corporation registered as Marketing Specialists, Inc.

At the August 24, 1983 hearing, the District Court refused to dismiss plaintiff's complaint on the grounds of disability.

- 8 -

The District Court's ruling is erroneous. It is at odds with the plain meaning of section 35-1-1104, MCA. Plaintiff does not contend that Marketing Specialists, Inc. has a valid certificate of authority to do business in Montana. It, however, alleges the following facts as a basis for Marketing Specialists, Inc's. authority to bring suit in Montana. Marketing Specialists, Inc. received a certificate of authority in 1974, but said certificate was suspended in 1978. Another company, IMPAC Marketers, Inc. was incorporated in 1975 by the same principals who controlled Marketing Specialists, Inc. IMPAC presently holds a valid certificate of authority in Montana.

Apparently IMPAC used the name of Marketing Specialists as a trade name for business purposes. There is no evidence in the record of a merger of Marketing Specialists into IMPAC or other acquisition by IMPAC. The fact that the IMPAC interests control Market Specialists, Inc. does not bestow upon Market Specialists IMPAC's authorized access to Montana courts. If IMPAC is the real party in interest in this action, it should have brought suit in its own name. Under section 30-13-202, MCA, it could not use the name "Marketing Specialists, Inc." as an assumed name because of the term "incorporated." Under section 30-13-216, MCA, a corporation acting under an assumed name without registration has no right of access to our courts.

The complaint against defendants shall be dismissed unless the plaintiff amends its complaint to name the proper party within a reasonable time as prescribed by Rule 17(a), M.R.Civ.P.

PROPRIETY OF INJUNCTION PROCEEDINGS

This issue must be reviewed in sequence and each ruling of the District Court examined. On August 12, 1983, on the motion of plaintiff, the District Court issued a temporary restraining order (TRO) restraining defendant from contacting certain manufacturers. This order was issued without notice or hearing. The District Court acted within the statutory authority set forth in sections 27-19-301, MCA, et seq.

The order was in the proper form and supported by the proper verification. A show cause hearing was set for August 22, 1983 to determine if the TRO should become a preliminary injunction.

At the show cause hearing, the District Court dissolved the TRO and then ordered the plaintiff to post a $35,000 bond. The court acted within its authority in dissolving the temporary restraining order. Section 27-19-319, MCA. The District Court, however, lacked statutory authority to impose a $35,000 bond on the plaintiff. The court purported to act under section 27-19-307, MCA. A close reading of section 27-19-307, MCA, reveals that the judge may require an undertaking to be given by the party who obtained the order. The section is inapplicable because the District Court dissolved the TRO. There was no injunction order in effect when Marketing Specialists, Inc. was required to post bond. The purpose of section 27-19-306, MCA and section 27-19-307, MCA, requiring the party who is granted a TRO or injunction to post bond is to cover the cost of damages that may be suffered by a party who is wrongfully enjoined or restrained.

Plaintiff never posted the $35,000 bond. The District Court stayed its order and held another hearing on plaintiff's motion to amend. After that hearing on September 21, 1983, the District Court issued an order on September 23,

1983, amending its August 26, 1983 order to provide: (1) delete requirement that plaintiff post a $35,000 bond; (2) ordered defendants to post a $75,000 bond and if no bond was posted by defendants within three days the plaintiff's restraining order would continue until bond is posted.

Plaintiff argues that the September 23, 1983, order is proper under the authority of section 27-19-405, MCA, previously set forth herein. Defendants argue that issuing a TRO without notice or hearing violates due process and they have been treated unfairly.

The District Court did not follow the statutory scheme in issuing its final amended order. Section 27-19-405, MCA, is not applicable. The section applies to a case where an injunction order has been issued and is presently being dissolved. In this case an injunction never issued, only a TRO which was dissolved one month prior to the order. A TRO and an injunction are not equivalent. A TRO generally precedes an injunction and is intended to last only until a hearing is held and a decision made on the injunction application. See section 27-19-314, MCA. No hearing or notice is required to dissolve a TRO. Section 27-19-319, MCA. Notice and hearing are required to modify or dissolve an injunction. Section 27-19-404, MCA. Section 27-19-405 applies to injunctions and is therefore inapplicable in this case.

The court's September 23, 1983 order called for plaintiff's restraining order to continue if defendants did not post bond. There was no restraining order in effect when this order was issued. The District Court is required to follow the statutory scheme in issuing a preliminary injunction. After considering the evidence presented at the hearing, the court must make independent findings stating the

- 11 -

grounds on which the injunction is granted. In this case the District Court made no findings and stated no grounds. Due regard for the statutory process and adequate consideration of the facts are essential to protect the parties from misapplication of the extraordinary prejudgment remedy of injunction.

In conclusion, we hold section 27-19-405, MCA, as codified is a correct expression of the law. The code commissioner acted within her authority in rewording the two legislative bills because the meaning of the law was not changed.

Marketing Specialists, Inc. is statutorily barred from bringing suit in Montana because it did not meet the requirements of section 35-1-1004, MCA.

The District Court failed to follow proper statutory procedure when it ordered the defendant to post a bond in lieu of continuing a nonexistent restraining order.

Accordingly, we reverse the District Court, vacate all injunction orders or requirements for bonds and instruct the court to dismiss plaintiff's complaint unless amended to include a real party in interest within a reasonable time to be set by the District Court.

Reversed.

John C. Sheehy
_____
Justice

We Concur:

_____
Chief Justice

- 12 -

_John Conway Harrison_

_____

_____

_____

_____
              Justices