The STATE OF MONTANA ex rel. SAM T. FOSS, Petition-
er, v. the DISTRICT COURT of the FOURTH JUDICIAL
DISTRICT of the State of Montana, in and for the
COUNTY OF RAVALLI and the Honorable EMMET
GLORE, District Judge, Defendants.

No. 11566.
Submitted Oct. 18, 1968.
Decided Nov. 1, 1968.
Rehearing Denied Nov. 14, 1968.
446 P.2d 707.

74

William Boone (argued), Missoula, for appellant.

Harold L. Holt (argued), Emmet Glore, District Judge, Missoula, appeared, for respondent.

PER CURIAM:

This is an original proceeding seeking a writ of supervisory control. The purpose for which the writ is sought is to compel the district court of Ravalli County to issue a writ of assistance placing the purchaser at a sheriff's sale under mortgage foreclosure into posession of the lands involved.

In 1964 Dix Turnbow, Nicholas G. Morgan, Sr., Virgil V. Peterson, Alan C. F. Dille, and Cecil L. Smith executed a real estate mortgage to Sam T. Foss securing payments on a promissory note, all as part of a transaction involving the purchase of land and other personal property in Ravalli County. The land was specifically described in the mortgage, subject to the following exception:

"SAVE AND EXCEPT the following described property which is not covered by the aforesaid Mortgage, the same being free and clear of any lien or encumbrance whatsoever, to wit:

"All of the peat, peat muck, peat humus and peat of all types and varieties, together with any coal, lignite and related substances situated upon or in and under the aforesaid lands; also the peat plant, machinery, equipment and facilities situ-

ated upon any part of the aforesaid lands and used in connection with the peat operations.''

Subsequently the mortgagors defaulted in payments on the note. The mortgagee commenced a mortgage foreclosure action in the district court of Ravalli County. On July 25, 1968, the district court entered a consent decree pursuant to written stipulation of counsel for the mortgagors and mortgagee in the exact form consented to and approved by both counsel. This foreclosure decree described the property and the exceptions in the exact words of the mortgage and provided, among other things, that the purchaser at the sheriff's sale under foreclosure was entitled to immediate possession of the premises ''and in case such purchaser be refused possession, a writ of assistance be issued without further notice requiring the Sheriff of Ravalli County, Montana, to place and maintain said purchaser in the quiet and peaceable possession of the said premises purchased by him, and the whole thereof''.

After entry of the foreclosure decree, the mortgagee purchased the property at the sheriff's sale and was issued a sheriff's certificate of sale under foreclosure. The property was described exactly as in the mortgage, the foreclosure decree, and the notice of sheriff's sale. Thereupon, the mortgagee attempted to secure possession but the mortgagors' agent refused possession of that portion of the lands containing peat, peat muck, and peat humus.

The mortgagee then applied to the district court for a writ of assistance to place him in possession of all lands described in the mortgage, foreclosure decree, and sheriff's certificate of sale. The attorney for the mortgagors resisted its issuance and ultimately hearings were held thereon at which all parties were represented by counsel and evidence was taken. These hearings were held over objection of the mortgagee.

Following these hearings the district court entered findings of fact and conclusions of law favorable to the mortgagors. The gist of the findings was that the peat was organic vegetable ma-

terial, not mineral matter, forming an integral part of the surface of the land and as such was owned by mortgagors and excepted from the mortgage. The court concluded that the surface rights to the peat lands were owned by the mortgagors, determined that approximately 500 acres of the land constituted peat land, and segregated this 500 acres from operation of the mortgage and foreclosure decree. The court entered its order denying a writ of assistance to this 500 acres.

The mortgagee filed a petition for writ of supervisory control before this Court on the 18th day of October, 1968, and this Court issued an alternative writ of supervisory control returnable on the 28th day of October, 1968. Argument was had thereon by both counsel at that time and the matter was taken under advisement.

It appears from the petition that the agent of the mortgagors has approximately 500 head of cattle grazing on the peat lands. It was developed on oral argument that the peat lands are prime pasture and hay lands constituting the heart of the ranch land subject to the mortgage. Oral argument further· disclosed that the extraction of peat from these lands had been negligible but that the mortgagee and sheriff's sale purchaser was sustaining financial loss of at least $50 per day from use of the peat lands for grazing purposes.

The underlying issues in controversy can be summarized in this manner: (1) Is the writ of supervisory control an available remedy in the instant case? (2) Is the mortgagee and purchaser at the sheriff's sale under foreclosure entitled to immediate possession of the surface of the peat lands?

 We hold that the writ of supervisory control is an available remedy under the circumstances of this case because the remedy by appeal is neither speedy nor adequate. In so holding we are mindful that the denial of the writ of assistance by the district court is an appealable order under Rule 1(b), M.R.Civ.App.P. either as "an order directing * * * surrender of property", or as "any special order made after final judg-

ment." However, when relator's remedy by appeal from an order quashing a writ of assistance is wholly inadequate because of the time necessary to prepare and have the same heard, and to compel him to resort to that remedy would be tantamount to a denial of justice, a writ of supervisory control is proper to reinstate the writ of assistance. State ex rel. Flowerree v. District Court et al., 71 Mont. 89, 227 P. 579. Such are the circumstances here in respect to compelling issuance of the writ of assistance in the first instance.

██ The mortgagee here has a clear right to the issuance of a writ of assistance. The decree of foreclosure so provides. The mortgagors expressly consented to this provision in the decree of foreclosure. They are bound by their own act.

██ Additionally, the meaning of the exception in the mortgage relating to peat must be ascertained from the language of the mortgage alone, if possible, without resort to extrinsic testimonial evidence. Section 13-704, R.C.M.1947; section 13-705, R.C.M.1947. In the instant case the plain words contained in the exception are peat, peat muck, and peat humus, and not peat lands. This plain language excepts peat from the mortgage but not peat lands. Had there been any intention by the parties to except peat lands from the mortgage, certainly such lands would have been designated and described therein. As the lands containing the peat were not excepted from the mortgage but only the peat therein, the mortgagee and sheriff's sale purchaser under foreclosure is entitled to possession of such lands subject to the right of the mortgagors to extract peat therefrom and to any use of the surface of such lands as is reasonably necessary or incidental to the extraction of peat. The writ of assistance sought by the mortgagee and sheriff's sale purchaser so provided and should have been issued.

Let a peremptory writ of supervisory control issue herein directed to the defendants commanding them to issue forthwith

78

and without further notice a writ of assistance putting relator into possession of all lands described in the foreclosure decree in accordance with the views expressed herein.