No. 91-118

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

GERALD F. ANDERSON,

        Plaintiff and Appellant,

  -vs-

STATE OF MONTANA,

        Defendant and Respondent.

FILED

SEP 24 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      Terry G. Sehestedt, Missoula, Montana

      For Respondent:

      Robert J. Phillips; Phillips & Williams, Missoula,
Montana

Submitted on Briefs:  July 2, 1991

Decided:  September 24, 1991

Filed:

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

The appellant, Gerald Anderson, appeals from a judgment entered on a jury verdict rendered in the District Court of the Fourth Judicial District, Missoula County, in favor of the defendant, State of Montana. Anderson filed suit in the District Court seeking to recover from the State damages which he claimed to have sustained as result of (1) the wrongful seizure and suspension of his driver's license, and (2) the failure of the Department of Justice to timely return his driver's license to him after having been ordered to do so in a prior judicial proceeding. We affirm.

The dispositive issue on appeal is whether the District Court erred in denying the appellant's motion for partial summary judgment in which Anderson asserted that the issue of the State's liability was determined in a prior judicial proceeding and that further litigation of that issue was barred by the doctrine of collateral estoppel.

On June 24, 1986, Anderson was arrested in Missoula County by Montana Highway Patrol Officer James Wierson on a charge of driving under the influence of alcohol in violation of § 61-8-401, MCA. Anderson was transported to the Missoula City Police Department for further processing. At the police department Anderson was videotaped performing sobriety tests, advised of his _Miranda_ rights, and requested to take a breathalyzer test. During the course of the booking procedure, Officer Wierson determined that Anderson had refused to take the breathalyzer test as requested

and, therefore, he seized Anderson's driver's license pursuant to § 61-8-402, MCA.

On July 3, 1986, Anderson filed a petition in district court pursuant to § 61-8-403, MCA, seeking judicial review of the seizure and attendant ninety day suspension of his driver's license. Missoula Deputy County Attorney Betty Wing represented the Department of Justice in that proceeding, Cause No. 64983. On July 11, 1986, a hearing was conducted before the district court at which time the videotape of the booking procedure at the police department was viewed. Anderson contended that he had not refused to submit to a breathalyzer test but was simply invoking his right to counsel. On August 8, 1986, after reviewing briefs submitted by counsel, the court agreed with Anderson's contention. The court ruled that the State's treatment of Anderson's assertion of his right to counsel as a refusal to take a breathalyzer test was "improper" and issued an order reversing the suspension of Anderson's license and directing the Department of Justice to return it to him. The State did not appeal the court's decision.

Apparently, Ms. Wing never notified the Department of Justice of the court's order requiring that Anderson's license be returned. His license was ultimately returned to him on September 24, 1986.

On March 26, 1987, Anderson filed the present action, Cause No. 66629, against the State to recover damages which he claimed to have sustained as a result of (1) the wrongful seizure and suspension of his driver's license, and (2) the failure of the Department of Justice to timely return his driver's license after

3

having been ordered to do so in the prior judicial proceeding. Anderson sought to recover attorney's fees incurred in the prior judicial proceeding and damages resulting from his inability to operate his vehicle during the time in which he did not have his driver's license.

During the course of the proceedings in Cause No. 66629, Anderson moved for partial summary judgment and the State subsequently made its own motion for summary judgment. Anderson based his motion on the doctrines of res judicata and collateral estoppel. The State based its motion on the doctrine of quasi-judicial immunity. The District Court denied both motions.

The case was tried to a jury on November 26 and 27, 1990, based upon a theory of negligence. The jury found that the State was not negligent in seizing Anderson's driver's license, but was negligent in failing to return the license after being ordered to do so. However, the jury found that the State's negligence did not proximately cause injuries to Anderson. The District Court entered judgment on the jury's verdict and denied Anderson's motion for a new trial.

The issue before the Court is whether the District Court erred in denying Anderson's motion for partial summary judgment as to the issue of the State's liability based on the doctrine of collateral estoppel. Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. Summary judgment may be granted on the issue of liability alone, reserving

4

the question of damages, where appropriate. Rule 56(d), M.R.Civ.P.
In Smith v. Schweigert (1990), 241 Mont. 54, 58, 785 P.2d 195, 197,
this Court made the following observation regarding the doctrine
of collateral estoppel:

> Collateral estoppel is a form of res judicata. Quite simply, the doctrine "precludes relitigation of issues actually litigated and determined in a prior suit." Lawlor v. National Screen Service (1955), 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122. It differs from res judicata, in that res judicata bars the same parties from relitigating the same cause of action, while collateral estoppel bars the same parties, or their privies, from relitigating issues which have been decided with respect to a different cause of action. Brault v. Smith (1984), 209 Mont. 21, 679 P.2d 236.

Collateral estoppel has three elements. These are: (1) the issue has been decided in a prior adjudication and is identical to the one presented; (2) a final judgment on the merits was issued; and (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication. Smith, 241 Mont. at 58, 785 P.2d at 197; In re Marriage of Stout (1985), 216 Mont. 342, 349-50, 701 P.2d 729, 733-34.

Anderson contends that the three elements of collateral estoppel are satisfied in the present case. Specifically, he argues that the issue present in both cases is whether the State was entitled to, or was justified in, seizing and suspending his license. He argues that because the court in the prior proceeding determined that the State was not entitled to seize his license, the State was estopped in the present proceeding from contesting the issue of liability. We disagree with Anderson's characterization of the issue presented in both cases.

5

Of the three elements of collateral estoppel, the identity of issues is the most crucial. Stapleton v. First Security Bank (1983), 207 Mont. 248, 258, 675 P.2d 83, 89. In order to satisfy this element, the identical issue or "precise question" must have been litigated in the prior action. Stapleton, 207 Mont. at 258, 675 P.2d at 89. Here, the judicial review proceeding did not involve the "precise question" presented in the subsequent tort action.

Anderson sought judicial review of the seizure and suspension of his driver's license pursuant to § 61-8-403, MCA. That statute provides, in pertinent part:

> Such court is hereby vested with jurisdiction and it shall be its duty to set the matter for hearing upon 10 days' written notice to the county attorney of the county wherein the appeal is filed and such county attorney shall represent the state, and thereupon the court shall take testimony and examine into the facts of the case, except that the issues shall be limited to whether a peace officer had reasonable grounds to believe the person had been driving or was in actual physical control of a vehicle upon the ways of this state open to the public, while under the influence of alcohol, whether the person was placed under arrest, and whether such person refused to submit to the test. The court shall thereupon determine whether the petitioner is entitled to a license or is subject to suspension as heretofore provided. [Emphasis added.]

Under this statute, the judicial review proceeding was limited to three underlying issues. The court's findings regarding these issues served as the bases on which to make its ultimate determination of whether Anderson was entitled to a license or was subject to suspension. Based on its finding that Anderson did not refuse to take a breathalyzer test, the court ultimately determined that Anderson was entitled to his driver's license and was not

6

subject to suspension.

In the present action, Anderson moved for partial summary judgment on the issue of the State's civil liability. Unlike the judicial review proceeding, the issue in the present case did not involve a determination of whether Anderson was entitled to his driver's license. The issue in the present case was whether the State, having seized and suspended Anderson's license, was civilly liable for the seizure and suspension of the license. The issue of the State's civil liability for the seizure and suspension of Anderson's license was not before the court in the judicial review proceeding, nor, under § 61-8-403, MCA, could it be. The crucial collateral estoppel element of identity of issues, therefore, does not exist in the present case. Accordingly, we hold that the District Court did not err in denying Anderson's motion for partial summary judgment.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7

September **24,** 1991

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Terry G. Sehestedt
Attorney at **Law**
P.O. Box 8281
Missoula, MT 59802

Robert J. Phillips
Phillips & Williams
Ste. 104, Central Square
Missoula, MT 59802

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:
Deputy