No.   94-057

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

FARMERS PLANT AID, INC.,
a Montana corporation,

   Plaintiff and Appellant,

  v.

MILLICENT HUGGANS,

   Defendant and Respondent.

APPEAL FROM: District   Court  of  the  Twenty-first  Judicial
       District,  In and for the County of Ravalli,
       The Honorable Jeffrey H. Langton, Judge presiding.

COUNSEL OF RECORD:

   For Appellant:

     John E. Bohyer, Phillips & Williams, P.C.,
     Missoula,  Montana

   For Respondent:

     Michael J. Alterowitz and Larry Howell,
     Connell, Beers & Alterowitz,
     Missoula,  Montana

Submitted on Briefs:   June 23, 1994

Decided:   August 30, 1994

Filed   AUG 3 0 1994

*Ed Smith*
CLERK OF SUPREME COURT.
STATE OF MONTANA

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Plaintiff Farmers Plant Aid, Inc. (FPA) filed an amended complaint in the Twenty-first Judicial District in Ravalli County against defendant Millicent Huggans. Counts I and II alleged tortious interference with contract and slander: Count III alleged tortious interference with access to FPA's mining resource located on the Huggans-Foss ranch land. The District Court ordered partial summary judgment in favor of Huggans on Count III and dismissed the tortious interference with access to mining claim based on Huggans' affirmative defense of collateral estoppel. The District Court further dismissed Counts I and II in a separate order. FPA appeals the District Court's dismissal of Count III. We affirm the order of the District Court.

The issue on appeal is whether the District Court erred when it granted partial summary judgment and dismissed plaintiff's tortious interference with mining access claim.

FACTUAL BACKGROUND

This appeal involves a parcel of land in the Bitterroot Valley that has been subject to a long-standing dispute between two families: the Smiths and their successors, Farmers Plant Aid, Inc., and the Huggans and Foss families. FPA owns the mineral rights to mine peat from the land, and the Hugganses and Fosses own and farm the surface. In *State ex rel. Foss v. District court* (1968) , 152 Mont. 73, 446 P.2d 707, this Court concluded that Sam T. Foss, as mortgagee and sheriff's sale purchaser under foreclosure, was entitled to possess the land subject to the right of the mortgagors

2

(lessors to FPA and its predecessor, the Smith family) to extract peat and use the surface of the land as reasonably necessary to extract peat. *Foss,* 446 P.2d at 709. This Court has considered the respective rights of these parties on two occasions since that decision. *Smith v. Foss* (1978), 177 Mont. 443, 582 P.2d 329; *State ex rel. Foss v. District Court* (1985), 216 Mont. 327, 701 P.2d 342.

Before filing this action, FPA filed a motion on November 8, 1989, for a temporary restraining order and an application for order to show cause why Millicent Huggans, her mother, Alice I. Foss, and brother, John Foss, should not be held in contempt for violation of the District Court's October 21, 1985, order which enjoined them from interfering with FPA's access to the peat resource.

The District Court heard testimony in support of and in opposition to this motion on November 29, 1989, and on March 1, 1990, and issued its order on March 9, 1990. The District Court found John Foss to be in contempt of the court's October 21, 1985, order because he "deliberately interfered with the access to the peat resource on the Foss property by plowing up a road and around the peat, by removing culverts that the Smiths had placed in the road, and by flooding the peat resource." In the same order, the District Court found that Huggans had failed to prevent Foss's conduct, but held that "[t]hese omissions are insufficient to hold . . . Millicent Huggans in contempt of court for the acts of John Foss."

On August 7, 1990, FPA filed a complaint against Huggans and alleged that she slandered FPA's product and attempted to interfere with its contractual relationship with a buyer. FPA amended its complaint on November 20, 1990, and added a claim for damages for intentional interference with the access to its peat resource. Huggans filed her answer and counterclaimed with a request for an accounting from FPA for the amount of material it removed from the property in its peat mining operation.

On November 19, 1992, Huggans moved to dismiss Count III on the grounds that there was no genuine issue of material fact and that as a matter of law the doctrine of collateral estoppel barred relitigation of the claim. The District Court granted Huggans' motion on June 15, 1993, and on November 5, 1993, denied FPA's motion to reconsider. The District Court granted Huggans summary judgment and dismissed Counts I and II on October 13, 1993. FPA appeals only the District Court's dismissal of Count III.

STANDARD OF REVIEW

When reviewing an order granting summary judgment, this Court applies the same standard of review applied by a district court. *Holtman v. 4-G's Plumbing & Heating* (Mont. 1994), 872 P.2d 318, 320, 51 St. Rep. 340, 341 (citing *Emery v. Federated Foods* (1993), 262 Mont. 83, 90, 863 P.2d 426, 431). Summary judgment is proper when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. We review the district court's conclusions of law to determine whether they are

correct. *Holtman,* 872 P.2d at 320 (citing *Steer, Inc. v. Dep't of Revenue (1990),* 245 Mont. 470, 474-75, 803 P.2d 601, 603).

On December 2, 1992, FPA, in its brief in opposition to Huggans' motion for partial summary judgment, attached an affidavit from FPA's counsel alleging that he received a phone call in the late summer of 1990 from Foss. According to the affidavit, Foss stated that Huggans hired him to "plow up her field where the Smiths were digging peat." FPA's counsel asked Foss to put this statement in writing, which Foss did on November 9, 1990. FPA suggests that this information, produced after the hearing, virtually proves Huggans' culpability and renders the District Court's decision not to hold her in contempt tainted by perjury and fraud. FPA further suggests that Foss's statement presents a "genuine issue of fact" with regard to Huggans' culpability, and therefore, precludes dismissal by summary judgment. The District Court found this argument to be without merit:

> Newly discovered evidence has never been sufficient to require relitigation unless it can be established that the evidence could not have been discovered with due diligence. Rule 60(b)(2), M.R.Civ.Proc. The Court notes that three months transpired between the time of the November 29, 1989, contempt hearing and the March 1, 1990, continuation ofthathearing allowing adequate time for [FPA] to discover the relevant facts regarding Huggans' participation in the . . . plowing of the road.

We agree that the statement of Foss, even if presented in proper affidavit form, at most would have constituted new evidence to be considered by the District Court pursuant to Rule 60(b)(2). We conclude that the District Court properly ruled on its

5

admissibility.  Foss appeared *prose* and was available to testify at the contempt hearings, but FPA did not call him as a witness. Huggans testified that she simply hired Foss to plow her farm, which did not violate the District Court's previous ruling, and that she was not aware of his efforts to interfere with **FPA's** access.  The District Court, after listening to the evidence presented by FPA in the contempt proceedings, found a failure of proof that Huggans had actively interfered with **FPA's** peat mining operation.

Other than Foss's statement, FPA produced no evidence to contradict the District Court's previous finding. We conclude that the District Court correctly proceeded to consideration of the applicability of collateral estoppel.

We apply the following three-part test to decide when collateral estoppel will act as a bar to litigation:

> 1.   The identical issue raised has been previously decided in a prior adjudication;
>
> 2.   A final judgment on the merits was issued in the prior adjudication: and
>
> 3.   The party against whom the plea is now asserted was a party or in privity with a party to the prior adjudication.

*Boyd v. First Interstate Bank* (1992), 253 Mont. 214, 218, 833 **P.2d** 149, 151 (citing *In re Marriage of Stout (1985)*, 216 Mont. 342, 349, 701 **P.2d** 729, 733): *Smith v. Schweigert* (1990), 241 Mont. 54, 58, 785 **P.2d** 195, 197. *See also Brault v. Smith* (1984), 209 Mont. 21, 679 **P.2d** 236; *Gessel v. Jones* (1967), 149 Mont. 418, 427 **P.2d** 295.

FPA asserts that only two of three elements necessary to apply the doctrine are present, and that as a matter of law, its claim is not susceptible to dismissal.

FPA contends that the "identical issue" element of collateral estoppel is not met in this case because it did not have an opportunity to fully litigate Huggans' tort liability for damages in the previous contempt proceeding. However, FPA confuses the distinction between issue preclusion by collateral estoppel and *res judicata* . We have previously held that:

> "Collateral estoppel" . . . may be considered as a branch of the doctrine of res judicata but is distinguishable from the bar to litigation normally called res judicata. The distinction is that res judicata bars the same parties from relitigating the same cause of action while collateral estoppel bars the same parties from relitigating issues which were decided with respect to a different cause of action. The bar that arises from collateral estoppel extends to all questions essential to the judgment and actually determined by prior valid judgment.

*Boyd,* 833 P.2d at 151 (quoting *Gessell,* 149 Mont. at 421, 427 P.2d at 296) (citations omitted).

The issue considered by the District Court and which we review is not whether FPA had an opportunity to litigate Huggans' liability to it for civil damages, the issue is whether a fact issue, which is essential to FPA's recovery in this action, has already been adversely resolved in a prior action.

The fact that the controlling issue in this claim for damages had already been litigated and resolved in the previous resolution of FPA's motion to have Huggans held in contempt, is best

7

illustrated by the District Court's thoughtful and well-reasoned order dated November 4, 1993, in which it denied FPA's motion for reconsideration.  The District Court correctly pointed out that:

> In order to determine whether the first prong requiring identity of issues has been met, these issues must be compared to the relevant issues which were presented between Farmers and Huggans before Judge McLean in the contempt proceedings in DV-84-355.  The relevant issues as stated by Farmers in the contempt proceedings were as follows:
>
>> . . . [Farmers] request the court to issue an order to show cause ordering the plaintiffs Alice Foss, Millicent Huggans, and her [sic] John Foss to appear and show cause why they should not be held in contempt for plowing the road and interfering with [Fanners'] access to the peat harvesting area.
>
> Fanners' Motion for Temporary Restraining Order and Application for Order to Show Cause filed November 8, 1989, in Cause No. DV-84-355, p. l-2.
>
> Farmers contended that John Foss had interfered with its access to the peat resource by "constructing ditches and strips in front of the peat harvest area"; by "plowing the road below the gate to the meadow and digging up culverts"; by "plowing strips around the meadow to destroy the road"; and by "constructing dikes around the peat harvesting area, apparently in anticipation of flooding the peat resource." Fanners' Motion for Temporary Restraining Order and Application for Order to Show Cause, p. 3-4. Farmers further alleged that John Foss, Alice Foss, and Huggans had "already flooded the peat harvesting area" and that Farmers Aid had "already suffered significant damage by interference of the Fosses with access to the peat resources because of time lost in harvesting the peat and rendering the road access unusable.  Fanners' Motion for Temporary Restraining Order and Application for Order to Show Cause, p. 4.

The District Court also pointed out that the factual allegations which formed the basis for Count III of Farmers' amended complaint in this case were as follows:

11.    [Huggans] has repeatedly interfered with, obstructed and denied Farmers Plant Aid access to the peat resource.  In the fall of 1989 [Huggans] hired her brother John Foss to destroy the access road to the peat resource by plowing it and removing culverts therefrom. In addition, John Foss constructed a dike around the peat mining area and flooded the peat with water to prevent Farmers Plant Aid from removing peat from the property. All of these actions took place at the direction and with the approval of [Huggans].

12.    [Huggans'] actions in hiring John Foss to destroy the access road and otherwise interfering with obstructing and denying Farmers Plant Aid access to the peat resource were done maliciously, wantonly, recklessly and with intent to harm Farmers Plant Aid.

Based on these allegations, the District Court then concluded that:

In comparing the above cited excerpts from Fanners' amended complaint in this case to excerpts from Farmers' motion for temporary restraining order and application for order to show cause in Cause No. DV-84-355, it becomes apparent that, in order for Farmers to prevail against Huggans in both cases, Farmers must establish facts proving Farmers' access to the peat resource was wrongfully interfered with and that the wrongful interference was due to the acts of Huggans personally, or that Huggans was legally accountable for the wrongful acts of others.

However, the District Court correctly observed that that issue was resolved in favor of Huggans and against FPA when the District Judge in the contempt proceeding found that:

The evidence also shows that Millicent Huggans and Alice I. Foss did nothing to prevent John Foss from violating the Court's order or to report the violation of this Court's order to proper authorities.  These omissions are insufficient to hold Alice I. Foss and Millicent Huggans in contempt of court for the acts of John Foss.

Based on this order, which was reduced to final judgment, the District Court in this case concluded that:

9

The above cited portions of the pleadings and the court orders in this case and in DV-84-355 support the conclusion reached by this Court in its June 15, 1993, memorandum and partial summary judgment that the factual issues are identical regarding whether Huggans could be held legally accountable for willful interference with Farmers' access.

We agree. Count III of FPA's amended complaint alleges a tortious claim which depends for its success on a factual finding that in 1989 Huggans intentionally interfered with its peat mining operation by destroying access to the area where peat was being mined and by flooding the area. In the previous contempt proceedings, which were also initiated by FPA, and where FPA had an opportunity to present evidence, the District court, after listening to the evidence, found an absence of proof that Huggans had intentionally interfered with FPA's mining rights. Therefore, we conclude that the essential factual issue upon which FPA's claim in Count III of its amended complaint depends has been previously litigated and resolved in favor of defendant Millicent Huggans and FPA is barred by the doctrine of collateral estoppel from relitigating that issue in this case.

FPA argues that a different result is dictated by our decision in *Anderson v. State* (1991), 250 Mont. 18, 817 P.2d 699. In that case, a Montana Highway Patrol Officer seized the defendant's driver's license pursuant to § 61-8-402, MCA, after concluding that he had refused to take a breathalyzer test. After district court review of the seizure pursuant to § 61-8-403, MCA, the district court found he had not refused to take a breathalyzer and ordered that his license be returned to him. He then filed a claim against the

10

State claiming damages based on the wrongful seizure of his license. He moved for summary judgment in that proceeding based on collateral estoppel. His argument was that based on the District Court's previous finding that he had not refused to take a breathalyzer, and therefore, that his license had been incorrectly seized, he was entitled to judgment on the issue of liability in the civil lawsuit. His motion was denied and his case was submitted to a jury on the theory of negligence. The jury found that the State was not negligent in originally seizing Anderson's license, but was negligent in failing to return it when ordered to do so. However, they also found that that negligence was not the proximate cause of injuries to Anderson.

In *Anderson,* we concluded that the prior finding that Anderson had not refused to take a breathalyzer test, and therefore, that his license should not have been seized, did not equate to a finding that the State was negligent when it seized it. Therefore, we concluded that the same factual issue was not being litigated in two subsequent proceedings and that the doctrine of collateral estoppel did not require judgment for Anderson as a matter of law in his claim for damages.

The facts and our holding in *Anderson* are distinguishable from the facts and our holding in this case. In *Anderson,* it was possible for a jury to find that even though the plaintiff had not refused to take a breathalyzer, the arresting highway patrolman was not negligent when he interpreted his conduct as a refusal. In

11

this case, the finding in the previous contempt proceeding that Huggans had not actively interfered with FPA's mining rights, does eliminate any factual basis for FPA's cause of action for intentional interference with those rights.

Contrary to FPA's argument on appeal, *Anderson* does not stand for the proposition that because the remedy sought in two separate proceedings is different, factual issues common to those proceedings can be relitigated. We find the following rule of law persuasive and the basis for our decision:

> The rule precluding the relitigation of facts or questions formerly in issue applies . . . even though the subsequent action is a different form of proceedings, is upon a different cause of action, and involves a different subject matter, claim, or demand than the earlier action. In such cases it is likewise immaterial that the two actions have a different scope . . . or are instituted for different purposes, and seek different relief.

46 Am. Jur. 2d *Judgments* § 415 (1969).

Since FPA cannot prove a cause of action without relitigation of factual issues previously resolved, we affirm the order of the District Court granting summary judgment to defendant Millicent Huggans and dismissing with prejudice Count III of FPA's amended complaint.

_____
Justice

12

We concur:

_____
Chief Justice

_____

_____
Justices

August 30, 1994

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

John E. Bohyer
PHILLIPS & WILLIAMS, P.C.
201 West Main, Suite 104
Missoula, MT 59802

Michael J. Alterowitz
Larry Howell
CONNELL, BEERS & ALTEROWITZ
P. O. Box 7525
Missoula, MT 59807

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy