No. 96-652

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

DANNY A. ARLEDGE,

       Plaintiff and Appellant,

  v.

STATE OF MONTANA, et al.,

       Defendants and Respondents.



APPEAL FROM:  District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Jeffrey M. Sherlock, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

         Danny A. Arledge, Deer Lodge, Montana (pro se)

      For Respondent:

         Lois Adams, David L. Ohler, Diana P. Leibinger,
Department of Corrections, Helena, Montana

Submitted on Briefs: January 23, 1997

Decided: February 13, 1997

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

This is an appeal from a September 11, 1996 Order of the First Judicial District Court, Lewis and Clark County, dismissing the complaint of Danny A. Arledge (Arledge). We affirm.

## Background

Arledge, an inmate law clerk filed, *pro se*, his complaint in the Montana First Judicial District Court, Lewis and Clark County, alleging various claims including personal injury and violations of 42 U.S.C. § 1983. The essence of Arledge's claims is that the various Respondent State prison officials failed to "adequately train and supervise personnel in State law which requires that the [Respondents] correctly calculate prison sentences . . . ." Arledge maintains that the State failed to calculate his sentences correctly, and, moreover, failed to investigate his claims of errors in the calculations of those sentences, thus adversely affecting the duration of his sentences and his parole eligibility. Arledge prays for compensatory and punitive damages, injunctive,

2

prospective and declaratory relief, including the setting of a parole eligibility date, and for costs and attorney fees.

The State moved to dismiss for failure to state a claim, contending, among other things, that Arledge's complaint was barred by the doctrines of res judicata and/or collateral estoppel. Briefs were filed by the parties, and the District Court granted the State's motion, ruling that collateral estoppel barred Arledge's complaint. This appeal followed.

## Discussion

The sole issue before this Court is whether the District Court erred in dismissing Arledge's complaint. The question of whether the District Court properly granted a motion to dismiss is a conclusion of law over which our review is plenary. See Helena Parents Comm'n v. Lewis and Clark County Commrs' ( Mont. 1996), 922 P.2d 1140, 1142, 53 St.Rep. 687, 688.

Arledge's incarceration at the Montana State Prison (MSP) comes about as a result of a number of convictions and sentences in Montana's district courts. The details of those convictions and sentences are set out in our decision in Petition of Arledge (1988), 232 Mont. 450, 756 P.2d 1169, and in our April 20, 1993 Order in Arledge v. McCormick, Cause No. 93-093, and will not be repeated here. Importantly, in Cause No. 93-093, we denied Arledge's petition for a writ of habeas corpus wherein he claimed that the records department at the MSP had not complied with our

3

decision in <u>Petition of Arledge</u>, with the result that he was denied a parole eligibility date in 17½ years from his most recent sentence. In that order, after detailing Arledge's various convictions and the sentences handed down by the trial courts, we rejected his claims that MSP officials had not correctly calculated his various sentences. On May 4, 1993, we denied Arledge's petition for rehearing in Cause No. 93-093.

In the instant case, Arledge's lawsuit claims derive from his contention that he has been improperly denied a parole eligibility date and that his sentences have not been correctly calculated. He maintains that this Court should direct the MSP to set a parole eligibility date for him. In support of his claims, Arledge presents two "work cards" issued by the MSP records department. The April 4, 1991 work card indicates that Arledge would be eligible for parole on December 25, 2000, with a discharge date of April 2, 2015. The October 2, 1994 work card indicates that Arledge has no parole eligibility date, but a discharge date of July 26, 2014. The earlier work card specifies the sentence pursuant to which the records department made its determination; the latter card does not. From this Arledge concludes that MSP failed to correctly calculate his sentences. The District Court concluded that Arledge's complaint was barred on the basis of collateral estoppel. We agree.

In Farmers Plant Aid, Inc. v. Huggans (1994), 266 Mont. 249,

4

879 P.2d 1173, we set out the following three-part test to decide when collateral estoppel will act as a bar to litigation:

> 1. The identical issue raised has been previously decided in a prior adjudication;
> 2. A final judgment on the merits was issued in the prior adjudication; and
> 3. The party against whom the plea is now asserted was a party or in privity with a party to the prior adjudication.

Farmers Plant Aid, 879 P.2d at 1176 (citations omitted). As to the first prong--issue identity--we stated that the bar extends to "all questions essential to the judgment and actually determined by prior valid judgment." Farmers Plant Aid, 879 P.2d at 1176 (citations omitted).

As the District Court correctly pointed out, here the issue is not whether Arledge had the opportunity to litigate the State's liability to him for civil damages, but rather whether a fact question essential to his recovery in such litigation was already resolved against him in a prior action. In other words, Arledge's instant claims are premised on the MSP officials having incorrectly calculated his sentences because they had not been properly trained to do so. The fallacy of Arledge's position, is that, in denying his petition for writ of habeas corpus in Cause No. 93-093, we ruled that his sentences were, in fact, being correctly calculated in accordance with our mandate in Petition of Arledge, 756 P.2d at 1172. See April 20, 1993 Montana Supreme Court Order, Arledge v. McCormick, Cause No. 93-093, at page 2. Moreover, we also

5

specifically reiterated that "the 'no parole' designation in the new sentence [referred to as Cause No. 7439 in our order] is valid, and will be effective for purposes of considering Arledge's parole eligibility after he serves the required number of years on each 'time sentence.'" See April 20, 1993 Montana Supreme Court Order, Arledge v. McCormick, Cause No. 93-093, at page 4.

Accordingly, applying the three-part collateral estoppel test, first, the issues essential to our judgment in the habeas corpus proceeding, Cause No. 93-093, and the essential issues underlying Arledge's instant claims are the same. In each case, those issues involve whether Arledge's sentences are being correctly calculated and whether the "no parole" designation in the newest sentence [Cause No. 7439] controls. We ruled adversely to Arledge on both of those issues in Cause No. 93-093. The first prong of the collateral estoppel test--issue identity--is, thus, met.

Second, our decision in Cause No. 93-093, was a judgment on the merits of Arledge's claims in that cause. Finally, the parties in Cause No. 93-093, and in the instant case are the same or are in privity. Accordingly, we hold that the District Court correctly dismissed Arledge's complaint in the instant cause on the basis of collateral estoppel. If Arledge's sentences are being correctly calculated and if he is properly subject to a "no parole" designation--and we held in Cause No. 93-093, that was true--then he has failed to state a claim in the instant case that the

6

February 13, 1997

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Danny A. Arledge
700 Conley Lake Rd.
Deer Lodge, MT 59722


David L. Ohler, Legal Counsel
Dept. of Corrections
1539-11th Ave.
Helena, MT 59620

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy