No. 00-319

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 307

ALPINE BUFFALO, ELK AND LLAMA

RANCH, INC., a/k/a ALPINE BUFFALO

AND LLAMA RANCH, INC.,

Plaintiff and Respondent,

v.

LISA ANDERSEN,

Defendant and Appellant.

APPEAL FROM: District Court of the Sixth Judicial District,

In and for the County of Park,

The Honorable Nels Swandal, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Francis X. Clinch; Jardine, Stephenson, Blewett & Weaver,

Great Falls, Montana

For Respondent:

John M. Kauffman; Kastings, Combs & Kauffman, Bozeman,

Montana

Submitted on Briefs: October 26, 2000
Decided: December 28, 2001

Filed:

_____

Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Lisa Andersen (Andersen) appeals from postjudgment orders entered by the Sixth Judicial District Court, Park County, assigning proceeds from other litigation to Alpine Buffalo, Elk and Llama Ranch, Inc. (Alpine) and declining to consider her Rule 60(b), M.R.Civ.P., motion pending appeal of the assignment order. We affirm.

¶2 The issues on appeal are:

¶3 1. Did the District Court err in ordering Andersen, a judgment debtor, to assign future proceeds from another cause of action to her judgment creditor?

¶4 2. Did the District Court err in concluding that this appeal divested it of jurisdiction to address Andersen's Rule 60(b), M.R.Civ.P., motion?

## BACKGROUND

¶5 In 1995, Andersen and Dick Andersen, her husband, executed a promissory note in favor of Alpine for $155,000 and secured it with real property. Alpine began proceedings to enforce the terms of the note and foreclose on the real property in late December of 1997, after the Andersens failed to make any payments on the promissory note. The District Court entered a judgment and decree of foreclosure in Alpine's favor in April of 1998, and also ordered the Andersens to pay delinquent property taxes. The next day, the court awarded Alpine a deficiency judgment against the Andersens personally "if there is a balance owed to [Alpine] after the proceeds of the foreclosure sale are applied to [the Andersens'] indebtedness to [Alpine]."

¶6 The Andersens' real property was sold at a sheriff's sale in July of 1999. Alpine made the sole bid in the amount of $5,000, leaving a deficiency of $218,458.51, including interest. In February of 2000, the District Court granted Alpine's motion for a deficiency judgment in this amount against Andersen only, Dick Andersen having filed for bankruptcy. Andersen neither appealed the deficiency judgment nor made any payment on it.

¶7 Alpine learned that Andersen had a pending malpractice claim against her former legal counsel and sought an assignment of the prospective proceeds from that action and a Debtor's Examination. In two April 13, 2000 orders, the District Court granted both requests.

¶8 Andersen filed a notice of appeal from the assignment order on April 18, 2000. On the same day, she also moved to set aside the deficiency judgment pursuant to Rule 60(b), M. R.Civ.P., claiming the judgment was improperly based on the value of the property from the sheriff's sale rather than the fair market value of the property. At the Debtor's Examination on April 19, 2000, Andersen refused to execute an assignment of her interest in the proceeds of the malpractice litigation as ordered by the District Court because she had appealed the assignment. She acknowledged to the hearing referee, however, that she had assigned the same proceeds to at least three other parties. Andersen subsequently failed to file a brief in support of her refusal to execute the assignment as suggested by the hearing referee.

¶9 Thereafter, Alpine moved the District Court to hold Andersen in contempt for her failure to comply with its order to assign the proceeds of her litigation. The court determined it did not have jurisdiction to address either Alpine's contempt motion or Andersen's Rule 60(b) motion because both were filed after Andersen appealed the assignment order. Andersen then filed a notice of appeal from the District Court's order declining to consider her Rule 60(b) motion pending her first appeal.

## DISCUSSION

¶10 1. Did the District Court err in ordering Andersen, a judgment debtor, to assign future proceeds from a separate cause of action to her judgment creditor?

¶11 Andersen claims the only authority cited by Alpine for the District Court's assignment order was Rule 70, M.R.Civ.P., and that Rule 70 applies only to a contemptuous party. We

described Rule 70 as a "civil contempt statute" in *Searight v. Cimino* (1988), 230 Mont. 96, 102, 748 P.2d 948, 952, and Alpine effectively concedes the inapplicability of Rule 70 on appeal.

¶12 In fact, however, Andersen is incorrect in claiming that Rule 70 was the sole basis for Alpine's motion for assignment of proceeds. Alpine also requested the assignment order "based on the broad equity powers of this Court[.]" In this regard, we held in *Smith v. Foss* (1978), 177 Mont. 443, 446, 582 P.2d 329, 331-32 (citation omitted), that a district court possesses jurisdiction to enter any necessary orders to enforce its judgments.

¶13 *Smith* also belies Andersen's secondary argument that the only method by which the judgment against her could be enforced is by writ of execution. Nor does Montana's execution statute support her argument. Section 25-13-201, MCA, provides "[w]hen the judgment is for money or the possession of real or personal property, the same may be enforced by a writ of execution[.]" The statutory language does not state that a writ of execution is the only means by which such a judgment can be enforced. Indeed, use of the word "may" expressly recognizes that other means of enforcement are available.

¶14 Andersen also argues, briefly, that the District Court's assignment order is contrary to Montana law holding that tort actions are not assignable. She relies on *Coty v. Cogswell* (1935), 100 Mont. 496, 501, 50 P.2d 249, 250-51, and *Youngblood v. American States Ins. Co.* (1993), 262 Mont. 391, 396, 866 P.2d 203, 206, but neither case establishes error by the District Court in ordering the assignment of litigation proceeds here.

¶15 The facts in *Coty* were somewhat complicated. In essence, they involved a writ of attachment of a personal injury cause of action of Maude Adams, while that action remained pending, by Mae Coty in her later-filed action against Adams on a promissory note. Coty obtained the writ of attachment immediately upon the filing of her action against Adams and prior to resolution of that action. *Coty*, 100 Mont. at 499, 50 P.2d at 249. The writ of attachment was obtained pursuant to a 1921 Montana statute permitting such an attachment from persons having in their possession credits or personal property belonging to the other party or owing any debts to the other person. Thus, if a cause of action for personal injuries was a credit or personal property of, or debt owed to the other party, the attachment was proper. *Coty*, 100 Mont. at 500-01, 50 P.2d at 250. We ultimately held, under those facts, that Adams' pending personal injury action did not fall within the statutory definitions and was not subject to levy by means of attachment before judgment was rendered. *Coty*, 100 Mont. at 504, 50 P.2d at 251. *Coty* has no application

here.

¶16 First, the assignment order at issue was not entered pursuant to the 1921 statutes at issue in *Coty* or, indeed, any other statute. As discussed above, it was premised on the District Court's equitable power to enter orders necessary to enforce its judgments.

¶17 Second, the assignment order does not even purport to assign or attach Andersen's cause of action against her former legal counsel. The order of assignment provides, in pertinent part, "it is hereby ordered that [Andersen] assign to [Alpine] her interest in the proceeds of the litigation filed in the Fourth Judicial District . . . per the terms of the Assignment attached hereto[.]" The attached assignment form provides, again in pertinent part,

> I hereby assign any and all interest I have in the Monetary Award and/or any funds I may receive from any of the defendants in the Malpractice Action or their insurance carriers to Alpine. This Assignment is limited to those funds necessary to satisfy, in full, the [deficiency] Judgment Amount.

Thus, in this case, unlike in *Coty*, the District Court ordered the assignment of the proceeds of Andersen's tort action to the extent necessary to satisfy Alpine's deficiency judgment; it did not attach or assign the malpractice cause of action itself.

¶18 Andersen's reliance on *Youngblood* also is misplaced. That case involved an interpretation of a subrogation clause in an automobile liability insurance policy. *Youngblood*, 262 Mont. at 394, 866 P.2d at 204. We ultimately held that subrogation of medical payment benefits under a motor vehicle insurance policy is void in Montana as against public policy, applying public policy considerations relating specifically to medical payment provisions in insurance policies. *Youngblood*, 262 Mont. at 400, 866 P.2d at 208 (citation omitted). Clearly, neither the facts nor the law in *Youngblood* are applicable here.

¶19 *Youngblood* does include a discussion of the distinction between subrogation and assignment of a claim, and Andersen's reliance on that case merely quotes the sentence stating that "Montana law has long held that a property damage claim is assignable, while a cause of action growing out of a personal right, such as a tort, is not assignable." *Youngblood*, 262 Mont. at 396, 866 P.2d at 206 (citation omitted). Andersen ignores the preceding portion of the discussion, however, which clarifies that an assignment of a claim

transfers all legal rights and title to the claim to the assignee. *Youngblood*, 262 Mont. at 396, 866 P.2d at 205-06. As discussed above, the District Court's assignment order here did not assign Andersen's legal malpractice cause of action to Alpine. Alpine did not receive all legal rights and title to that cause of action. The assignment order merely required Andersen to assign future proceeds from her other litigation to Alpine, limited to the funds necessary to satisfy the deficiency judgment amount.

¶20 We hold Andersen has not established error in the District Court's order requiring her, as a judgment debtor, to assign future proceeds from a separate cause of action to Alpine, her judgment creditor.

¶21 2. Did the District Court err in concluding that this appeal divested it of jurisdiction to address Andersen's Rule 60(b), M.R.Civ.P., motion?

¶22 After Andersen appealed from the assignment order, the District Court declined to rule on the parties' pending motions, including Andersen's Rule 60(b) motion to set aside the deficiency judgment, on the basis it had lost jurisdiction when Andersen appealed from the assignment order. We review a district court's conclusion that it lacks jurisdiction to determine whether the court is correct. *Johansen v. State, Dept. of Natural Resources and Conservation* (1998), 288 Mont. 39, 45, 955 P.2d 653, 657 (citation omitted).

¶23 Conceding that her appeal from the assignment order divested the District Court of jurisdiction over that order, Andersen argues it did not divest the court of jurisdiction to address her motion to set aside the underlying deficiency judgment from which she did not appeal. Acknowledging our conclusion in *McCormick v. McCormick* (1975), 168 Mont. 136, 138, 541 P.2d 765, 766, that a notice of appeal divests the trial court of jurisdiction over the order or judgment from which the appeal is taken and "any matter embraced therein," Andersen contends the deficiency judgment is not "embraced within" the assignment order. She also relies on cases from other jurisdictions for the principle that a notice of appeal does not deprive the trial court of jurisdiction over matters from which appeal has not been taken.

¶24 The cases on which Andersen relies are readily distinguishable from the present case. In *Garnett v. Oliver* (Ky. 1931), 45 S.W.2d 815, 817, the court held that, under Kentucky statutes, a plaintiff in a suit dismissed by the trial court could obtain an order of prejudgment attachment from that court while the case was pending in the appellate court. The prejudgment attachment was not embraced within the appeal of the dismissal,

pursuant to statute. In *Cragin v. Lobbey* (Mo. Ct. App. 1976), 537 S.W.2d 193, 195-96, the court held that, where two separate causes of action were filed jointly, appeal of one separable judgment did not affect the other, jurisdiction of which remained in the trial court. In other words, one separable judgment was not embraced within the other. While a similar result might be obtained in Montana where, for example, a trial court properly certifies a judgment as final for purposes of appeal under Rule 54(b), M.R.Civ.P., retaining jurisdiction of the underlying action, that scenario is not before us in the present case.

¶25 Finally, Andersen quotes from *State ex rel. Freeman Printing Co. v. Luebke* (Wis. 1967), 152 N.W.2d 861, 864, in which the court stated "[i]f the appeal is from an order, only the subject matter of that order, i.e., only such portions of the proceedings as are germane to the order, is transferred by the appeal." She does not present *Freeman* in its entirety, however. The *Freeman* court went on to note that identifying the subject matter of an appeal and what constitutes interference with that subject matter is not always free from doubt. Under the circumstances there presented, the court held that the trial court did not have authority to grant a motion for a nonsuit while appeal from an order overruling a demurrer to the amended complaint was pending, because the dismissal was a direct interference with the subject matter of the appeal. *Freeman*, 152 N.W.2d at 865. *Freeman*'s "interference" approach and application to the circumstances of that case do not support Andersen's position here.

¶26 In the present case, the assignment order from which Andersen's appeal was taken and her Rule 60(b) motion to set aside the deficiency judgment are inextricably intertwined. The Rule 60(b) motion challenges the validity of the very deficiency judgment on which the appealed order of assignment is based and which that order seeks to enforce. Consequently, we conclude the deficiency judgment is a matter embraced within the assignment order seeking to enforce that judgment. We hold, therefore, that the District Court did not err in concluding that Andersen's appeal from the assignment order divested it of jurisdiction to address her Rule 60(b), M.R.Civ.P., motion.

¶27 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART

Justice Terry N. Trieweiler dissenting.

¶28 I dissent from the majority opinion. I do not agree that district courts have unrestricted authority to enforce their judgments. Nor do I agree that district courts are divested of authority to decide timely filed post-judgment motions simply because a notice of appeal was filed.

¶29 We have in the past used broad language in defining a district court's authority to enforce its judgments. However, in the case of judgments for money, we have a specific statutory scheme for post-judgment execution which provides procedural safeguards for the judgment debtor. *See* § 25-13-201, MCA, et seq. When the legislature has seen fit to establish an exhaustive process for the collection of district court judgments, I conclude that the amorphous authority of district courts to enforce their judgments has been circumscribed. Otherwise, the procedures and limitations established by the legislature are meaningless.

¶30 The majority having produced no authority for the District Court's order of assignment other than broad, undefined powers of courts, I would reverse the order of the District Court that Andersen assign the proceeds from her personal action to her creditor.

¶31 Finally, the majority's treatment of Andersen's Rule 60(b), M.R.Civ.P., motion creates an anomaly in post-judgment procedure. While it is true that notices of appeal normally divest a district court of jurisdiction, we have made an exception for those post-trial remedies provided in Rules 50 (motion for judgment as a matter of law), 52(b) (motion to amend findings), and 59 (motion for new trial). In those situations our rules provide that,

> A notice of appeal filed before the disposition of any of the above motions, whether by entry of an order or deemed denial, shall be treated as filed after such order or denial and on the day thereof.

Rule 5, M.R.App.P.

¶32 Our rules provide that a notice of appeal filed before a timely motion for any of the above post-judgment forms of relief does not divest the district court of authority because parties would otherwise be able to preempt district courts and opposing parties from the full range of relief provided for in our rules. There is no logical reason to treat motions which have been timely filed pursuant to Rule 60(b) any differently.

¶33 For these reasons, I dissent from the majority opinion and I would reverse the orders of the District Court which require Andersen to assign the proceeds from her malpractice cause of action and I would reverse the District Court's refusal to consider her Rule 60(b) motion.

/S/ TERRY N. TRIEWEILER